#### FOR THE

## COUNTIES OF HAMPSHIRE, FRANKLIN AND HAMPDEN
### SEPTEMBER TERM 1848, AT NORTHAMPTON.

[CONTINUED FROM VOL. I.]

PRESENT.

Hon. LEMUEL SHAW, CHIEF JUSTICE.
Hon. SAMUEL S. WILDE,
Hon. CHARLES A. DEWEY,
Hon. CHARLES E. FORBES, } JUSTICES.
Hon. THERON METCALF,

---

### JOSEPH DAVENPORT vs. LUTHER HOLLAND.

An order of the court of common pleas, granting a review, or allowing an amendment of a petition for a review, is subject to revision in the supreme judicial court on exceptions.

The provision of the Rev. Sts. c. 100, § 21, authorizing amendments, extends to a petition for a review.

Where a petition for a review, which was duly filed within a year from the rendition of the judgment in the original action, was amended, after the expiration of the year, by the insertion of a cause of review newly discovered, since the filing of the petition, but existing at that time, it was held, that a review might be granted for the cause stated in the amended petition.

The only judgment, which can be given on a petition for a review, is, that a writ of review be or be not issued; and, upon such judgment, costs may be awarded, and the case may be removed from the court of common pleas to the supreme judicial court on exceptions.

Davenport *v.* Holland.

THIS was a petition for a review.

The petitioner, who was described as of Hartford, in the state of Connecticut, brought his action, by a writ issued and served on the 19th of October, 1844, and returnable at the succeeding November term of the court of common pleas for the county of Hampshire, against the respondent, who was of Belchertown, in that county, to recover damages for the breach of a special contract for the delivery of mulberry trees.

The petitioner set forth, in his declaration, in that action, that in the month of August, 1838, he made a contract in writing with the respondent, by which the latter agreed to deliver him all the mulberry trees then growing on the respondent's farm in Belchertown, provided the petitioner should demand them within the month of October next, and should offer the respondent good and sufficient security for the payment for the trees in the month of May, 1839, at the rate of twelve cents a tree, with the taps or roots as they stood at the time of making the contract; that the petitioner did demand the trees of the respondent in the month of October, 1838, and offered to pay him therefor according to the contract; and that the respondent refused to deliver the trees to the petitioner, and to accept payment or security therefor according to the contract.

This action was duly entered, and continued until the February term, 1847; when it was tried upon the general issue, and notice by the defendant that he should rely, among other things, upon the statute of limitations. After the evidence had been introduced, the jury were instructed, that in case they should find that the demand for the trees was made by the petitioner more than six years before the commencement of the action, they need inquire no further, but return a verdict for the defendant. Under this instruction, the jury brought in a verdict that "the defendant did not promise the plaintiff in manner and form," &c.; and, upon being inquired of by the court, whether they found the demand to have been made within six years before the commencement of the action, they answered in the negative. The verdict was

thereupon recorded for the defendant, and judgment was rendered in his favor for costs.

On the 24th of January, 1848, within a year after the judgment, the petitioner presented his petition to the court of common pleas then sitting in the county of Suffolk, praying for a writ of review of the judgment in the action against him, and for a stay of proceedings therein. On this petition, notice was ordered and served, and the petition was duly entered (the year having then expired) at the next February term of the court of common pleas for the county of Hampshire, and was from thence continued to the June term, 1848. At the latter term, the petition was amended, at the request of the petitioner, by inserting therein an additional ground for granting the review; and, being so amended, the court (*Wells*, C. J., presiding) refused the prayer of the same on the ground originally stated therein, but ordered a review for the reasons stated in the petition as amended.

The respondent alleged exceptions to the orders of the court, allowing the amendment of the petition and granting the review.

The ground, upon which the petitioner prayed for a review, as originally set forth in his petition, was as follows: —

It being an important question, on the trial, whether the demand for the trees was made within six years before the commencement of the action, the petitioner introduced the deposition of Joshua Davenport, who deposed, that, as the agent of the petitioner, he called twice at the dwelling-house of the respondent in Belchertown, in the last days of October, 1838, two or three days intervening, to demand the trees, and to pay or give security therefor, according to the terms of the contract; that he could not state the precise day of the month when these calls were made; that his family then resided in Coleraine, in the county of Franklin, and he was in the employment of the petitioner at Hartford; that when he called the first time to make the demand, he was on his way to visit his family in Coleraine, where he remained a few days; that, on his return from Coleraine to Hartford, he

stopped at Belchertown, and called the second time on the respondent, and demanded the trees; and that on the way from Belchertown to Hartford, after making the demand, he purchased two hundred dollars' worth of mulberry trees of Albert Moseley, of West Springfield.

This deponent, the petitioner alleged, would testify, that, on the day when he purchased the trees, he gave Moseley his note therefor, which he afterwards paid and took up; but that at the time when he gave his deposition, which was read on the trial, he was not able to find the note, although he had then made diligent search therefor; that since the trial he had discovered the note amongst his papers; that it bore date the 24th day of October, 1838; that from the discovery and examination of the same, he was able to testify, that he made the second demand on the 24th day of October, 1838; that he was at the respondent's house, the first time, on Saturday, the 20th of October, 1838; that he arrived at the place where his family was residing, a distance of about thirty miles from the respondent's, on the evening of the same day; and that he left Coleraine on his return to Hartford, and called at the respondent's house and demanded the mulberry trees on Wednesday, the 24th day of October, 1838.

The petitioner averred, that he was not able, by the most diligent inquiry and search, before the trial, to discover this evidence; but that it had since been discovered, and that it would tend strongly to prove that the cause of action accrued within six years previous to the commencement of the suit, namely, on the 20th or 24th day of October, 1838.

In the amendment, which was moved for and allowed, the petitioner alleged, that since making his petition, he had discovered that Simeon Pepper would testify, that soon after the original action was commenced, the witness had a conversation with the respondent, in which the latter, speaking of the action, said that the petitioner had sued him for the mulberry trees, and that before bringing the action he had waited till five or six days previous to the expiration of the six years.

*C. P. Huntington*, for the respondent, argued that the amendment ought not to have been granted by the court below.

1. It is tantamount to allowing a petition to be filed more than a year after judgment, and would operate as a repeal, *pro tanto*, of the statute of limitations. A fact, discovered three years after the expiration of the time fixed by law, might as well be inserted in the petition, as one discovered three months afterwards. The amendment was not in the mode of stating an allegation, but new matter.

2. The original petition should have contained all the allegations, which could be made the basis of the decision of the court, and the petitioner, on the hearing, should be confined to them. *Simmons* v. *Apthorp*, 1 Mass. 99. They must even be supported by oath, before the court will issue an order of notice. *Willard* v. *Ward*, 3 Mass. 24. In the case of *Stockbridge* v. *West Stockbridge*, 13 Mass. 302, the court remark, incidentally, that the fact relied on for a review must be discovered within the year fixed by statute for granting a review.

3. The power given by the Rev. Sts. *c.* 100, § 22, as to amendments, does not in terms embrace a petition for a review, but applies only to " civil actions " whilst pending and before judgment rendered therein.

4. This court has power to correct inadmissible amendments allowed by inferior courts. *Guilford* v. *Adams*, 19 Pick 376; *Slater* v. *Nason*, 15 Pick. 345.

*E. Dickinson*, for the petitioner.

The granting of a review, as provided by the Rev. Sts. *c.* 99, being within the discretion of the court to which application is made, the allowance of an amendment of the petition therefor is equally so; and, if such amendment be within the discretion of the court below, it is not subject to the revision of this court upon exceptions. *Williams* v. *Hadley*, 19 Pick. 379; *Fenely* v. *Mahoney*, 21 Pick. 212. The statute (§ 18) requires, that the petition for a review shall be filed within one year after the defendant shall firs'

1 *

have notice of the judgment. The only question, in the present case, seems to be, whether there is any, and if so, what, other limit than this to the discretion of the court.

It is contended, on behalf of the petitioner: —

1. That the year, within which the application for a review must be instituted, relates only to the time within which the petition is required to be filed. See the commissioners' notes to chapter 99, § 20, and also to §§ 17 and 28, of the same chapter, in which they refer to their notes to chapter 92, §§ 5, 6, and 7. The marginal note to § 20, — "Petition, when to be filed," — indicates the same thing.

2. That the court have power to allow amendments to a petition for a review, by the addition of a new fact discovered after the expiration of the year, provided the petition have been filed within that time.

By the Rev. Sts. c.' 99, § 7, the court may, upon the review, allow amendments of the declaration and other pleadings, in the same manner as in the original action; and, by § 9, either party may on the trial produce any legal evidence, whether the same was given on the former trial or not.

By the Rev. Sts. c. 100, § 22, the court, in which any civil action is pending, may, at any time before judgment is rendered therein, allow amendments either in form or substance of any process, pleading, or proceeding in the same, on such terms as shall be just and reasonable. In *Capron* v. *Thompson*, 3 Met. 59, the plaintiff, in an action of trespass to personal property, was allowed to amend his declaration by increasing the alleged value of the property injured from thirty to fifty dollars; and, in *Barker* v. *Burgess*, 3 Met. 273, the plaintiff, in an action on a note of hand, had leave to amend by filing a new count for goods sold and delivered. See also *Holman* v. *King*, 7 Met. 384; *Crease* v. *Babcock*, 10 Met. 525, in which it was held, that the power to allow amendments applied to suits in equity; *New Marlborough Berkshire*, 9 Met. 423, which was a petition for a certiorari; *Medbury* v. *Watson*, 6 Met. 246. A petition for a review is as much a process, pleading, or proceeding, within the

statute, as a bill or answer in equity, or a petition for a writ of certiorari to county commissioners.

3. The amendment allowed did not introduce a new ground for the review, but only furnished additional evidence in support of the prayer of the petition. In *Simmons* v. *Apthorp*, 1 Mass. 99, cited for the respondent, there was no amendment, and the petitioner was not permitted to rely on grounds not stated in his petition. So in the cases cited to prove that the court has power to correct inadmissible amendments. In *Guilford* v. *Adams*, 19 Pick. 376, a certiorari was granted, because the court below allowed an amendment, which created a cause of action where none existed or was stated anterior to the amendment. The same principle is recognized in *Brigham* v. *Este*, 2 Pick. 420, where a writ was served which contained no declaration, and the plaintiff was not allowed to amend by inserting a count.

In *Slater* v. *Nason*, 15 Pick. 345, also cited for the respondent, several amendments were allowed, some of which, being sanctioned by this court, so far sustain the ruling in the present case. The amendment, which was allowed, and afterwards held to be inadmissible, does not seem to be analogous. The action was a writ of entry, in which the demandant claimed one third of certain premises. An amended count was allowed, in which the demandant claimed two thirds of the same premises, and upon which he recovered judgment for two thirds. Exceptions were sustained, on the ground, that the amended count contained a new cause of action ; the original claim in the suit being thereby extended and enlarged. In the present case, if the review be granted, the newly discovered evidence may be introduced on the trial, without any amendment being made to the declaration.

The case of *Stockbridge* v. *West Stockbridge*, 13 Mass. 302, which was cited for the respondent, does not warrant the construction contended for. The question in that case was, whether a review of an action could be rightfully granted, where judgment had been rendered on a case stated by the parties. The court remark that " where parties have

been entrapped or misled into an agreement, and without laches on their part, or if, within the time limited by statute for the granting of reviews, they discover a fact misstated or omitted, it is as much within the legitimate powers of the court as to discharge a statement for a similar cause pending the action."

*R. A. Chapman*, also for the petitioner.

Exceptions and appeals lie from the decisions of the court of common pleas only in matters of law. Rev. Sts. *c.* 82, § 12; St. 1840, *c.* 87, § 5. The exercise of discretionary power by inferior courts is final, and their decisions cannot be revised here. *Gibbs* v. *Hampden*, 19 Pick. 298. In this case, the power of the court of common pleas, both in relation to the amendment, and to the granting of the review, was discretionary and therefore final.

1. As to the amendment. The petition, being a "process" or "proceeding" in a civil action, is within the Rev. Sts. *c.* 100, § 22, the language of which confers discretionary power in very broad terms.

The petition originally prayed for a review on the ground of newly discovered evidence. There is no prescribed form for such a petition; and if its statement is too general, it may be amended by being made more particular. The addition of a new fact is like the addition of a new item to a bill of particulars, provided the new fact comes under the general category of newly discovered evidence. It is not only within the statute power of the common pleas, but within the ordinary course of practice, to grant such amendments. If that court has any power at all to grant amendments in a case like the present, the application for this amendment was entirely to their discretion.

2. The power of the court of common pleas to grant reviews is equally discretionary with that of this court. Rev. Sts. *c.* 99, § 26. In *Brewer* v. *Holmes*, 1 Met. 288, the court say: "The power to grant a review is given to the court in the broadest terms, in all cases, if they shall think it reasonable." It is therefore final.

The judge of the court of common pleas was under no obligation to state the reasons upon which he granted the review, and all that he said in that respect was extrajudicial. If he had kept silent, the respondent could have raised no question, for it would not then appear, that the review was not granted for the reasons originally set forth in the petition. If the discretion of the judge is conclusive on that point, it should be also on the point raised here. If he had power to allow the amendment, no other question is open; for he granted the review because he thought the facts alleged in the amended petition were proved, and the respondent cannot be permitted to revise his reasoning.

As there has been no final judgment in the matter, and a writ of review has not issued, the case seems to be prematurely brought into this court. Rev. Sts. *c.* 82, §§ 12, 13, 15.

*Huntington,* in reply. The respondent contends that the case is not prematurely brought into this court, first, because there has been a final judgment on the petition for a review, and, second, because the exceptions being both to the granting of the amendment and the granting of the review, if either be erroneous, the decision of the court below must be reversed.

The case of *Gibbs* v. *Hampden,* 19 Pick. 298, is not in point to show that the court of common pleas exercised a discretionary power, which was necessarily final; because, in that case, the decision of the question of taxation was final with the commissioners.

The argument for the petitioner seems to be, that as the power to grant reviews is concurrent, in either this court, or the court of common pleas, it is also discretionary and final in either. But this is a *non sequitur.* The court of common pleas and a justice of the peace may have concurrent jurisdiction in an action of trespass to land; but who ever supposed that the former could not revise the decision of the latter on appeal?

The language of the Rev. Sts. *c.* 82, § 12, is very broad

and general, as to the right to except to the decisions of the court of common pleas in matters of law, and that of the statute of 1840, *c.* 87, § 40, is still more explicit. The question in this case was a question of law.

As to the suggestion, that if the judge in the court below had not seen fit to state the ground of his decision, the respondent would have been without remedy, it is submitted that he would in that case have had a remedy by appeal, if in the opinion of the court the amendment was inadmissible.

The word " reasonable " does not necessarily imply a final discretion in the court of common pleas. Every decision must be presumed to be reasonable, in the view of the judge by whom it is made; but all the decisions of the court of common pleas, in matters of law, however reasonable, are liable to revision.

The petition is required to be filed within one year after the rendition of the judgment. If it may be very general, as is contended by the petitioner, it ought at least to state that the evidence has been discovered, and be supported by oath. But, in this case, the evidence relied on was not discovered, and consequently there was no foundation for the petition, within the year. To allow this application would be more objectionable, than sustaining a case on a cause of action accruing after the date of the writ.

To hold that the discretion of the court of common pleas was final and absolute would operate with peculiar hardship in the present case, as the judge evidently signed the bill of exceptions under a belief that his opinion might be revised.

The court will perceive the dangerous and objectionable character of the evidence upon which the review was granted; an alleged admission by the respondent, — equivocal in its meaning, — not naturally or necessarily taking the case out of the statute of limitations, — and effectual only upon the supposition, that the respondent was competent to decide when, by the true legal construction of the contract, the statute of limitations began to run.

SHAW, C. J. This case comes before the court by excep-

Davenport *v.* Holland.

tions. It was a petition for the review of a judgment in the court of common pleas, filed in that court pursuant to the Rev. Sts. *c.* 99, § 26.

An intimation was given in the argument of one of the respondent's counsel, that the case was prematurely removed from the court of common pleas and entered in this court, because no final judgment had been entered in that court. The only judgment which can be given, on a petition for a review, is, that a writ of review shall or shall not be granted ; and such judgment is therefore final, and costs may be given for or against the petitioner. Rev. Sts. *c.* 99, §§ 11, 24. If a writ of review is granted, it is a new process to be sued out and served like other original writs, and upon which the parties are again brought into court, and further proceedings had.

A question was then made, whether exceptions might be taken, in a case like the present, where the court of common pleas have a discretionary power to grant a review of their own judgments when they think it reasonable ; being the same power as that previously given to the supreme judicial court by the Rev. Sts. *c.* 99, § 26. But supposing the court of common pleas have full discretionary power, in a case before them, to decide upon the grounds and reasons offered that it is reasonable to grant a new trial, as in the cases of *Gibbs* v. *Hampden*, 19 Pick. 298, and *Gray* v. *Bridge*, 11 Pick. 189, yet there may be questions of law involved in the decision, as, for example, whether the case was within the jurisdiction, whether the petition was sued out within the time limited by law, and the like. And cases of this description are precisely within the provision, that any party, aggrieved by the opinion, direction, or judgment of the court of common pleas, in *matter of law*, in any civil action, suit, or proceeding whatever, may except. Rev. Sts. *c.* 82, § 12; St. 1840, *c.* 87, § 4. The cases, cited to prove that the court will not sustain exceptions, where the court of common pleas has a discretionary power to order an indorsement of a writ, ( *Williams* v. *Hadley*, 19 Pick. 379, and

*Fenely* v. *Mahoney*, 21 Pick. 212,) do not warrant that conclusion ; the point there decided was, upon the construction of the statute respecting the indorsement of writs, Rev Sts. *c.* 90, § 18, that the proviso extended to all cases.    It was a question whether the court had the power, not whether they rightfully exercised it.

But the principal ground of exception is, that the court erred in matter of law, in allowing an amendment to the petition, by which the petitioner stated newly discovered evidence in support of his application for a new trial or review.    The court are of opinion that the court of common pleas have power to grant such an amendment of the petition. The provisions of law, allowing amendments, are highly remedial, and are construed most liberally to correct error and mistake, and to advance justice and right.

The provision in the Rev. Sts. *c.* 100, § 22, is to be construed with reference to the preceding section.    Both are taken from the statute of 1784, *c.* 28, with some slight variation of language, apparently not intended to alter the meaning. The twentieth section is this : " No writ, process, declaration, or other proceeding, in the courts, or course of justice, shall be abated, &c., for any circumstantial errors or mistakes, when the person and case may be rightly understood by the court." The twenty-first section provides that " the court, in which any civil action is pending, shall have power, at any time before judgment rendered therein, to allow amendments, either in form or substance, of any process, pleading, or proceeding in such action."

In the statute of 1784, from which the foregoing provisions were revised, the term " civil actions " is not used.    But having provided that no declaration or other proceeding in courts shall be abated, &c., the statute then proceeds to add, " and the court on motion may order amendments."    It seems very clear, that the legislature, by the revised statutes, did not intend to take away or limit the power of the court to allow amendments ; and although, in a strict technical sense, " civil actions " might not include petitions, yet considering that the

Davenport *v.* Holland.

statute is remedial, that the term "civil actions" is used in immediate connection with the more general word "proceeding" in the previous section, and that the statute from which this revision was taken did in terms extend to all legal proceedings, we think the term "civil action" in the Rev. Sts. *c.* 100, § 22, extends to petitions. Many of the acts and judgments of the courts are now founded on petitions, complaints, and other proceedings, not strictly civil actions; and all the reasons, which apply to the latter, apply with equal force to the amendment of the former modes of procedure. Such amendments have been allowed in proceedings other than civil actions, as in cases of libel for divorce (*Tourtelot* v. *Tourtelot*, 4 Mass. 506), and petitions to county commissioners (*New Marlborough* v. *Berkshire,* 9 Met. 423).

The question may then arise, what is the limit to this authority, and how defective a declaration, petition, or other proceeding, must be, in order to be beyond the reach of amendment. The answer is furnished by the statute, which limits it to cases "where the person and case may be rightly understood by the court;" that is, where the court has jurisdiction of the subject matter, where something is stated, though imperfectly or defectively, either in form or substance, which the court judicially acts upon, in which case the subject matter is within their jurisdiction; and where the respondent, called to answer, appears to answer, or is rightly summoned, so as to be informed of the court before which, and the time and place when and where, he is to appear and answer. The court then has jurisdiction, and the parties are in a condition to take notice of any order, decree, or direction, which the court may make. *Bell* v. *Austin,* 13 Pick. 90.

It appears to us, that the case, as it stood before the court of common pleas, when the amendment was allowed, was strictly within these principles, and that the court had authority to allow the amendment. The petition was filed within one year, and was for a writ of review, which the court of common pleas had authority to grant, if they should think it

reasonable.  The subject matter was the granting of a review, and the respondent was duly summoned, and was before the court.   The petitioner set forth that the verdict was rendered against him on the ground that his cause of action did not accrue within six years, whereas in fact his action was commenced within six years after the cause of action accrued. The proof set forth in his petition, and which he proposed to offer to establish the reasonableness of his claim, was not the cause of action, or subject matter of the petition, but rather a specification of the grounds on which he proposed to sustain it.   Such a specification is very proper and necessary to be stated, according to the usage and practice of the court, before they will grant an order of notice ; but it is not the subject matter, of which the court has jurisdiction.   The case was one, therefore, in which, by permission of the court, whilst the petition was pending, other facts might properly be specified and proved, in order to establish the same conclusion sought by the petitioner, to wit, that it was reasonable to grant him a review in the case stated.   Such amendment was allowed in a libel for divorce for adultery, by setting forth another charge distinct from the one first specified, in the case already cited of *Tourtelot* v. *Tourtelot*, 4 Mass. 506.

Nor is the amendment subject to the objection, that it operated to sustain the petition for a cause which arose after the petition was filed.   The cause existed, if it existed at all, when the petition was filed ; and was a reasonable cause for a review, although the proof of it came to the knowledge of the petitioner afterwards, and even although the proof of it originated afterwards.   If, whilst the petition was pending, the respondent admitted, that the action, in which he had prevailed on the statute of limitations, had been commenced within six years, though the proof appeared otherwise at the trial, such admission would be competent proof of the petitioner's claim for a review, for a reason existing at the time his petition was filed.

Nor is it any valid objection, that the amendment was allowed more than a year after the judgment, when a new

petition could not be filed. The court having acquired juris-diction of the subject matter, and of the person, by a petition filed within the time limited by law, retained that jurisdiction for all legal purposes, till a final judgment was rendered. It is often held to be a good reason for granting amendments on terms, instead of nonsuiting a party, and compelling him to bring a new action, that such action would be barred by the statute of limitations. In general, when the amendment is allowed, the proceeding is regarded, tried, and determined in the same manner as if the petition had been originally in the form in which it is put by the amendment. Of course, the petitioner is bound, after amendment as well as before, to prove a good cause existing at the time when his petition was filed, before the court will grant it.

*Exceptions overruled.*