KITTIE D. WISE, Appellee, v. DOVEY OUTTRIM, Executrix of the Will of JAMES OUTTRIM, Deceased, Appellant.

**Estates of decedents:** CLAIMS: STATEMENT: AMENDMENT: LIMITA-
1 TIONS. The formal statement of a claim against an estate filed after the expiration of the period of limitations, but referring to an informal statement of the same claim filed within the statutory period, should not be treated as the statement of a new claim but rather as an amendment thereto; and even though the claim as originally filed was based upon an implied contract and the amendment upon an express contract, it would not present a new cause of action so as to permit the intervention of the statute.

**Same.** A claim for services filed against an estate in the form of a
2 mere skeleton statement, with no facts from which it can be determined whether the service was rendered with or without an agreement as to the time of payment, cannot be said to be founded upon an implied contract.

**Same.** Although the statement of a claim against an estate as
3 originally filed may have been subject to a motion for a more specific statement, or demurrable as appearing upon its face to be barred, the filing of an amendment, before objection, alleg-

ing new matter preventing the bar of the statute, is not inconsistent with the original statement and does not destroy the identity of the claim.

**Same:** NOTICE OF AMENDMENT. After the statutory notice of the filing of a claim against an estate has been given and the administrator has appeared thereto, further notice of the filing of an amended statement of the claim is not required.

**Same:** APPEARANCE: FINDING OF COURT: REVIEW. The question of appearance by an administrator in resistance to the allowance of a claim against the estate is so peculiarly within the knowledge of the trial court that its finding will not ordinarily be disturbed on appeal.

**Claims:** ENTITLING AND VERIFICATION. The statutory provisions requiring a claim against an estate to be entitled in the name of the plaintiff and defendant and that it be verified are directory only, and failure to observe the same will not affect the jurisdiction of the court or the plaintiff's right of action.

**Same:** AMENDMENT OF STATEMENT. The allowance of an amendment to the statement of a claim against an estate for the purpose of avoiding the effect of the statute of limitations, leaving the essential grounds of recovery unchanged, is favored by the courts.

**Same:** SUFFICIENCY OF STATEMENT. The statement of the claim in the instant case for services alleged to have been rendered decedent under a promise to pay the reasonable value thereof, and to make provision for such payment out of his estate, is held good on demurrer.

**Same:** SECURITY FOR COSTS. The statute requiring a nonresident to give security for costs has no application to a proceeding to establish a claim against an estate.

**Claims:** ESTABLISHMENT: EVIDENCE. The evidence in a proceeding to establish a claim against an estate is reviewed and held sufficient to take the question of decedent's promise to compensate claimant for domestic services, and to make provision for the payment of the same out of his estate, to the jury.

**Evidence:** COMMUNICATIONS WITH ONE SINCE DECEASED. The testimony of an interested party to conversations between a deceased and a third person in which the witness took no part is admissible. Evidence held insufficient to show such participation by the witness in the detailed conversations as to justify an exclusion of the evidence.

**Same.** One seeking to establish a claim for domestic services against an estate may state the kind and amount of work re-

VOL. 139 IA.—13

quired in caring for decedent's household, as the same does not constitute a recital of any personal communication with decedent.

**Personal services:** FAMILY RELATION : PRESUMPTION. Domestic
13 services rendered by one as a member of a family are presumed to be gratuitous, yet the presumption may be overcome by competent proof of an agreement to make compensation : this presumption, however, is not overcome by mere proof that the service was performed.

**Submission of issues.** It is the duty of the court to state to the
14 jury all issues joined by the pleadings upon which any testimony has been offered, and to give proper instruction as to the law applicable thereto; and a failure to do so is not waived by omission of counsel to request an instruction.

*Appeal from Greene District Court—*HON. Z. A. CHURCH, Judge.

THURSDAY, JULY 9, 1908.

THE plaintiff presented a claim against the estate of James Outtrim for personal services rendered in the life of the deceased. The claim having been allowed in the sum of $1,255, the executrix appeals.— *Reversed.*

*G. S. Toliver, J. A. Henderson* and *Wilson & Albert,* for appellant.

*Owen Lovejoy* and *Howard & Howard,* for appellee.

WEAVER, J.— James Outtrim died testate May 29, 1904, and his widow was appointed executrix of his will August 24, 1904. Notice of her appointment was published September 1 and September 8, 1904. On May 10, 1905, the plaintiff filed her duly verified claim against the estate in the following words, omitting caption and verification :

" The said Kittie D. Wise claims of the said Mrs. Dovey Outtrim, as executrix of said estate, the sum of $2,500.65 as per the following statement:

November 17, 1878. Commenced doing work and labor in housekeeping and nursing for James Outtrim, deceased.

Worked until February 17, 1884, being 275
   weeks, at $4 per week .................. $1,100 00
Interest at 6 per cent ..................... 1,400 65
                                      ————————
   Total .......................... $2,500 65 "

On July 22, 1905, plaintiff filed a written statement asking the allowance of her claim previously filed and alleging that said James Outtrim in his lifetime promised and agreed to make provision, for payment of plaintiff's services, out of his estate after his decease. To this claim defendant demurred, on the ground that plaintiff's right of action, if any she ever had, appears to be barred by the statute of limitations; that the alleged services are not shown to have been rendered in consideration of or reliance upon the promise pleaded in the petition for allowance; that the claim was not filed within six months after publication of the notice of defendant's appointment as executrix and no notice of such filing was ever served on said executrix within twelve months as provided by statute; and that the petition for allowance is not entitled in the manner provided by the statute. The demurrer was overruled and thereupon defendant filed a motion showing that plaintiff was a nonresident of Iowa, and asking that she be required to give a cost bond. This motion was also overruled, and defendant answered the petition, pleading the statute of limitations and denying the claim made by the plaintiff. It is further pleaded that during the time when the alleged services were rendered by the plaintiff, she was a member of the family of the testator, and that the service rendered by her was performed in that capacity, without promise or expectation of payment or compensation other than her support and mainte-

nance, which she in fact did receive. Other matters are pleaded, but they are in substance the statements of grounds of demurrer to the plaintiff's claim, and will be considered in their proper place.

While making very numerous objections to the rulings of the trial court, counsel for appellant say in argument that " the principal controversy in the case is whether the provisions and requirements of law, with respect to the statement of claims against estates of deceased persons, the filing of the same, and giving notice thereof, are not to be observed and may be disregarded as in the case at bar." To this phase of the case we therefore give first attention.

I.   It will be seen from the statement of facts that the plaintiff filed her claim May 10, 1905, about eight months after the publication of notice of the executrix's appointment, and it therefore ranks as a claim of the

**1. ESTATES OF DE-CEDENTS: claims: statement: amendment: limitations.**

fourth class. It is conceded that this paper was entitled in due form, and that notice thereof was duly given, shortly after the filing of the claim.   On July 22, 1905, before the expiration of one year from the appointment of the executrix, the plaintiff filed the written petition already spoken of.   That petition is in the following form:

In the district court of the State of Iowa, in and for Greene county.   August Term, 1905.   In Probate.   In the Matter of the Estate of James Outtrim, Deceased.   Petition for Allowance of Claim.   Your petitioner Kittie D. Wise states: That on and between the 17th day of November, 1878, and the 7th day of February, 1884, at the request of James Outtrim, she performed work and labor for him, as stated in her verified claim, filed in this court on the 10th day of May, 1905.   That there is justly due and owing your petitioner, from the estate of said James Outtrim, the sum of $2,500.65, as shown by said verified claim, which is made part hereof, no part of which has been paid or in any manner satisfied.   That the said James Outtrim during his lifetime frequently promised and agreed to and

with your petitioner that he would make provision for payment in full for her services, from his estate after his decease. That said deceased made no provision for said payment, and your petitioner asks that her claim be allowed against said estate of James Outtrim, in the sum of $2,500.65, including interest, and the executrix of said estate be ordered to pay the same.

This writing was not verified, and no notice was given of its filing, except such notice as is imparted by the filing of a pleading or amendment in proceedings pending in court. It is the position of appellant that said petition is not a mere amendment to the original claim, or another statement of the same claim in more extended and formal terms, but that it should be regarded and treated as an independent claim which must stand or fall without reference to the matter previously filed. . Starting with this assumption, defendant states that this petition is defective in form, because not properly entitled in the name of the claimant as plaintiff, against the executrix as defendant, and because it is not verified. It is also urged that, even if objection to the form of pleading be waived, notice of its filing was not served within the first year of administration as required by Code, section 3338. We are of the opinion, however, that the assumption that the claim filed May 10, 1905, and the written petition for allowance filed July 22, 1905, are distinct claims and not two statements of the same claim, cannot be upheld. While the petition does not in express words style itself an amendment, or substitute for the claim originally filed, it does so state in substance. It expressly alleges the petitioner's claim to be for the services performed by her " as stated in her claim filed on the 10th day of May, 1905." The pleading is clearly an attempt to state plaintiff's original claim in a more formal manner, and not to state another and distinct claim, and the district court did not err in so treating it. In their argument upon this point counsel for appellant say that the claim as originally

filed is based upon an implied contract, while in its amended. form it is based upon an express contract. Even if this were a true interpretation of the record, it would not follow that the amendment sets up such new claim or cause of action as would permit the intervention of the statute of limitations where the period has expired since the filing of the original claim. See *Kuhn v. Brownfield,* 34 W. Va. 252 (12 S. E. 519, 11 L. R. A. 700).

But it is hardly correct to say that the claim as originally filed is founded upon an implied contract. The statement is a mere skeleton account, stating no facts from which the court or jury could determine whether the services for which payment is demanded were rendered without any agreement as to the time of payment thereof, or under an express agreement providing for the payment at some future date.

**2. SAME.**

Doubtless, in this form, the statement was subject to a motion for a more specific showing, but before any such motion was made the amendment was filed, alleging a promise by which the testator bound himself to provide for the payment out of his estate at his decease. There is no necessary inconsistency between the claim as originally filed and as stated in the written petition. It is true that as originally filed the claim may have been demurrable, as being apparently barred by the statute of limitations, while the amendment states additional matter, which, if true, prevents the application of the bar. But this additional allegation does not destroy the identity of the claim. Due notice of the claim was given at or about the time of the original filing, and appellant appeared thereto by counsel.

**3. SAME.**

There is some dispute as to the time when counsel appeared, and whether their appearance was to the claim as amended, or simply to the matter originally filed. The controversy in this respect is of an immaterial character. The defendant was in court to de-

**4. SAME: notice of amendment.**

fend against a claim of which she had been duly notified, and was bound to take notice of amendments made thereto. When the defendant has been duly served with the notice of filing of a petition or claim, and appears to resist or defend, there is no rule or statute which requires a new original notice to be given every time an amendment to the petition is filed.

Moreover, in the case at bar the question whether counsel for defendant expressly appeared to the amended claim within the first year of administration was raised in the

5. SAME: appearance: finding of court: review.

trial court, and, after due hearing and consideration, it was decided in favor of plaintiff's contention that such appearance had been made, and the fact was by *nunc pro tunc* order entered of record. The matter was one so peculiarly within the knowledge of the trial court that we are not disposed to interfere with its finding. As the appearance, thus made of record, was within the year in which notice, if required, could have been served, the necessity of the notice was thereby obviated.

The objection to the amended petition because it was not properly entitled with the name of plaintiff and defendant, and was not verified, is not fatal to the plaintiff's

6. CLAIMS: entitling and verification.

right to have her claim adjudicated in the usual manner. The statutory provisions in this respect, upon which appellant relies, are directory only, and failure to observe them affects neither the jurisdiction of the court, nor the plaintiff's right of action. See *Smith v. Watson,* 28 Iowa, 218; *Bank v. Stone,* 122 Iowa, 558; *Goodrich v. Conrad,* 24 Iowa, 254; *Wile v. Wright,* 32 Iowa, 451; *McCrary v. Deming,* 38 Iowa, 527.

The finding that there was such an appearance by de-

7. SAME: amendment of statement.

fendant, to resist the allowance of plaintiff's claim, as to render the question of service of original notice immaterial makes it unnecessary to further discuss appellant's repeated contention that

the amended claim is upon a new and different cause of action; but we think it proper, in this connection, to say that the allowance of an amendment, the purpose of which is to avoid the effect of the statute of limitations, but leaves the essential grounds of recovery substantially unchanged, is favored by the courts, and frequently upheld. *Myers v. Kirt,* 68 Iowa, 124; *Lottman v. Barnett,* 62 Mo. 159; *Beard v. Simmons,* 9 Ga. 4; *Schieffelin v. Whipple,* 10 Wis. 81; *R. R. Co. v. McMeen,* 102 Ill. App. 318; *Bruns v. Schreiber,* 48 Minn. 366; *Sanger v. Newton,* 134 Mass. 308; *Davenport v. Holland,* 56 Mass. 14; *Wood v. Lenawee,* 84 Mich. 521 (47 N. W. 1103).

Other objections, made to the sufficiency of the petition, are not well founded. The pleading is somewhat obscure and indefinite in its statement, but we think it reasonably clear that plaintiff seeks an allowance of a claim for services alleged to have been rendered by her under a promise of the testator to pay the reasonable value thereof, and to make provision for such payment out of his estate at his death. Conceding the truth of this statement as we must, for the purposes of the demurrer, they show a good cause of action. We are therefore of the opinion that the trial court correctly held the allegations of the petition a sufficient statement of a cause of action.

8. SAME: sufficiency of statement.

II. Nor was there any error in denying the motion to require plaintiff to give security for costs. The statute (Code section 3847), which provides that a nonresident plaintiff may be required to give security for costs has no application to proceedings of this nature. The main action or proceeding pending in the district court was the settlement of the testator's estate; and the presentation and proof of claims by creditors are mere incidents or details in the accomplishment of that end. The law opens the door of the court to all creditors, and invites them to come forward and present and prove their demands against

9. SAME: security for costs.

the estate, and this right is not made dependent upon their ability to give a cost bond. See *Meyer v. Evans,* 66 Iowa, 179.

III.   At the close of the plaintiff's testimony the appellant moved for a directed verdict in her favor, on the ground that plaintiff had failed to produce any evidence upon which the allowance of her claim could be upheld.   The overruling of this motion is also assigned for error.   We are quite clear that the evidence was sufficient to take the case to the jury for a verdict upon its merits.   It was shown, without substantial dispute, that plaintiff, while still a young girl, went to live in the testator's family, remaining there for several years after she reached her majority.   During these years she performed the duties of a domestic, and assisted in a material degree in caring for and nursing the testator's wife, who was, most of the time, in ill health.   That the services thus rendered were of a valuable nature is beyond question, though the extent of their value is a matter of much controversy in the testimony.   The fundamental question, and the one upon which the right of the plaintiff to recover necessarily turns, is whether these services, rendered after she arrived at her majority, were performed under an express promise of payment.   On this subject George Outtrim, a son of the testator, testifies that he heard a conversation in which the testator told the plaintiff, after she arrived at the age of eighteen, that he and his wife could not get along without her, and could hire no one to take her place, and that, if she would stay, they would make it all right with her — that is, they would pay her for it — and that this conversation, in substance, occurred at different times during this period.   He also says that at the time plaintiff was married testator told her that he would pay her when he was through with his property, would make provision so she could have it.   This and other assurances and promises he says were made to plaintiff on various occasions, and at other

10. Claims: establishment: evidence.

times the testator expressed his purpose to plaintiff, and repeated his promise that he would provide for her for what she had done for him and his wife when he was through with his property. The credibility of this testimony was for the jury alone. It was also corroborated, to some extent, by other witnesses having no direct interest in the controversy. Assuming the truthfulness of this testimony, it is not within the province of the court to say that there is nothing upon which a verdict in the plaintiff's favor can be sustained.

IV.   The plaintiff testified as a witness in her own behalf; the defendant making timely objections that she was disqualified to testify to any personal transaction or communication between herself and the testator, with reference to matters involving her claim. Overruling the objection, the court permitted plaintiff to testify to one or more conversations which she claims to have taken place between the testator and his wife in her presence, in which the testator expressed his. purpose to pay the plaintiff for her services. She also testified to similar conversations, in her presence, between the testator and his son, George Outtrim. The competency of plaintiff to testify to these conversations depends, of course, upon the fact whether she herself took part therein, or in other words, whether the matter related by her constituted a personal transaction or communication between herself and the deceased. She repeatedly asserts that, while hearing these statements, she took no part in the conversation, though upon her cross-examination she seems to say, under the interrogation of counsel, that at about the same time of the conversation between the testator and his wife, they asked her if she would stay with them, and she replied in the affirmative. In the same connection, however, she says:   " No, sir; I was not mixed in the conversation.   They came to me afterwards.   No, sir; only as they asked me questions as ·I was about the work.   Mr. Outtrim did not come to me until after the conversation was

11. EVIDENCE: communications with one since deceased.

over with him and his wife." Other statements made in her cross-examination, taken by themselves, would indicate that she did in fact, have some part in the conversation, of which she speaks as having occurred between the testator and his wife; but, whether these discrepancies and inconsistencies in her testimony were the result of confusion, occasioned by the rapid fire of cross-examination, or of an attempt to manufacture testimony to fit the needs of her case, is an inquiry which goes to her credibility, and not we think, to her competency to testify. Our statute upon this subject (Code, section 4604), has been frequently construed by us as not prohibiting the testimony of an interested party to communications and transactions between the deceased and a third person in which the witness took no part. The plaintiff, in the present instance, does repeatedly state that she took no part in the conversation which she attempts to relate; and, although this assertion by her is somewhat weakened by her further statements upon cross-examination, the fact of her participation is not so clearly revealed that the court would be justified in excluding the testimony.

It is further objected that the plaintiff was permitted to testify as to the kind and amount of work required in caring for the testator's household and for his wife during her illness. In this we think there was no error.

12. SAME.

The plaintiff was neither asked nor permitted to state what service she herself rendered; and, so far as her testimony is concerned, the labor and service performed in caring for the testator's wife and for his household may have been performed by any other member of the family.

Other errors are assigned by the appellant upon the admission and exclusion of evidence by the trial court. These objections are too numerous to permit of their discussion separately. We have examined the record, however, with reference to each of them, and find no error of which the appellant can justly complain.

V. As already stated, one of the defenses pleaded to

the plaintiff's claim is that she lived with the testator as a member of his family, receiving her support and maintenance as such, and that the services for which she claims payment were rendered in that capacity, and without any contract or agreement for the payment of wages. It is conceded that plaintiff became a member of testator's family, as alleged by the answer, when she was about ten years old, and continued to live with him until she was married, when about twenty-four years of age. It is too well established to require the citation of authorities that no legal right exists to recover for services thus rendered in the absence of an agreement therefor, and such agreement will not be presumed or implied from the mere fact that the services were performed. The presumption that the services were gratuitous is, of course, not conclusive, and may be rebutted by competent testimony, but the fact, in this respect as in others, is for the jury under proper instructions.

13. PERSONAL SERVICES: family relation: presumption.

The trial court in its charge to the jury wholly omitted any instruction or direction upon this issue, and in this we find there was prejudicial error. The issue having been tendered by the answer, and the burden under the conceded facts being upon the plaintiff to establish the alleged contract or agreement by the testator to pay for her services, it was material and important that the law pertaining to the rights of the parties occupying these relations to each other should have been clearly stated to the jury. It is a familiar rule that the court is required to state to the jury all the issues joined by the pleadings upon which any testimony has been offered, and the error, in failing so to do, is not waived by the omission of the party to ask or formulate an instruction thereon. In this case the appellant did ask an instruction upon this issue; and, while it was properly refused because of its defective form, it did serve to direct attention to this branch of the defense, and

14. SUBMISSION OF ISSUES.

the court should have given proper instruction as to the law governing this defense.

We find no merit in other errors assigned, but for the reasons stated a new trial must be ordered.—*Reversed.*