In the Matter of the ESTATE OF Martha T. ENTLER, Deceased.

Howard ENTLER, Appellant,

v.

Loren G. ENTLER, Appellee.

No. 85–1565.

Supreme Court of Iowa.

Jan. 14, 1987.

R.G. Buchanan, Algona, for appellant.

Harlyn A. Stoebe and Kurt John Stoebe, Humboldt, for appellee.

Considered by McGIVERIN, P.J., and LARSON, SCHULTZ, CARTER, and NEUMAN, JJ.

CARTER, Justice.

Howard Entler, whose claim for custom farm labor in a decedent's estate was dismissed because it was unsworn, appeals from that order. We reverse the district court's order and remand for further proceedings on the claim.

The estate of Martha T. Entler was opened February 22, 1984, in the Iowa District Court for Humboldt County. Loren G. Entler was appointed executor, and the second publication of his notice of appointment occurred on March 6, 1984. On May 10, 1984, the claim which is the subject of this action was filed in this estate by Howard Entler.

The claim was on Iowa State Bar Association Official Form No. P–126. It recited that claimant was owed $3441.84 with interest from January 1, 1981, for "fall field work performed on land owned by Martha T. Entler." An itemization of the claim, attached thereto, stated the following:

Fall field work performed in the fall of 1980. Rates are based upon 1980 Iowa Farm Custom Rate Survey.

| | |
|---|---:|
| 97 acres of cornstalks cut | $ 184.64 |
| 97 acres of cornstalks chisel plowed | 1,052.70 |
| 154 acres of anhydrous ammonia applied | 742.50 |
| 120 acres of bean ground chisel plowed | 1,062.00 |
| | $3,441.84 |

The claim concluded "the undersigned, being duly sworn (or affirmed), states that he is the attorney for the claimant; that the said claim as herein stated is justly due; that no payments have been made thereon which are not credited and that there are no offsets to the same to the knowledge of affiant except as herein stated." Beneath this language was the signature of Robert A. Dotson, attorney for claimant. The jurat appearing on the form below Dotson's signature was dated April 30, 1984, but no signature or seal of an officer authorized to administer an oath was affixed.

No action had been taken regarding this claim when the executor filed his final report on May 31, 1985. This final report acknowledged the existence of the claim and purported to deny it although it did not in any way refer to the fact that the claim was unsworn. On June 21, 1985, the claimant filed an objection to the final report on the ground that his pending claim had not been resolved. On the same date, he filed a request for hearing on the claim pursuant to Iowa Code section 633.443 (1985).

A hearing was set for July 22, 1985, on the objections to the final report. When the parties appeared at that hearing, the executor raised the matter of whether the claim could be allowed if it was not sworn as required by Iowa Code section 633.418 (1985). The court directed that briefs be filed on the issue. On September 25, 1985, the court entered a ruling providing in part:

[S]tatutory provisions requiring an affidavit are essential to the underlying causes.... [T]he court finds that the claimant's affidavit is insufficient and his claim for field work is fatally defective.

At the conclusion of the order, the claimant's objections to the final report were overruled.

On September 26, 1985, a new claim was filed in the probate proceeding on behalf of claimant, Howard Entler. This was identical to the original claim except that Robert A. Dotson's signature was followed by the jurat of a notary public indicating that the statements of the claim had been made under oath. The district court dismissed this new claim on the ground that its earli-

er ruling had been dispositive of claimant's rights to proceed further against the estate. The present appeal is from the court's rulings concerning both the the original unsworn claim and the subsequent sworn claim.

I. *Establishing a Sworn Statement in the Absence of a Completed Jurat.*

█ The first issue on appeal concerns the claimant's effort to establish that his original claim was in fact sworn, although the jurat had not been completed. He urges that our decision in *Dalbey Brothers Lumber Co. v. Crispin,* 234 Iowa 151, 12 N.W.2d 277 (1943), permits a court to find that a statement of claim has been sworn by reference to the language of the claim. Applying his interpretation of *Dalbey* to the facts of the present case, claimant urges the district court should have concluded his claim was sworn by virtue of the language, preceding the signature of his attorney, reciting "the undersigned, being duly sworn (or affirmed)." Examination of the *Dalbey* case convinces us that the result was based upon independent proof that an oath had been administered.

█ The language of Iowa Code section 622.85 (1985) requires that an affidavit be "made under oath ... before any person authorized to administer oaths within or without the state." We believe independent proof of the administration of the oath is ordinarily necessary in order to cure the absence of a jurat on an instrument. In 1984 the legislature, in enacting what is now Iowa Code section 622.1 (1985), made certain provisions for self-verifying statements under oath, but the form of the present claim does not satisfy the requirements of that statute. We conclude the claimant has failed to establish the claim filed on May 10, 1984, was sworn or accompanied by an affidavit.

II. *Whether a Sworn Claim is Mandatory.*

█ We next consider claimant's alternative argument that the language of Iowa Code section 633.418, requiring that a claim in probate be "accompanied by the affidavit of the claimant, or someone for the claimant," is directory only. In support of this contention, he relies on decisions of this court interpreting an earlier version of our statutes relating to the form and verification of claims in probate. Prior to the enactment of section 633.418 in 1964, the applicable statute (then Iowa Code § 635.54 (1962)) provided that a claim in a decedent's estate "must be sworn to and filed with the clerk of the district court." This statute appeared in substantially the same form in 1908 when the case of *Wise v. Outtrim,* 139 Iowa 192, 117 N.W. 264 (1908), was decided. In *Wise,* this court stated:

> The statutory provisions in this respect, upon which appellant relies, are directory only, and failure to observe them affects neither the jurisdiction of the court, nor the plaintiff's right of action.

*Id.* at 199, 117 N.W. at 267. The *Wise* decision appears to comport with an earlier interpretation of this statute in *Wile v. Wright,* 32 Iowa 451, 457 (1871).

In rejecting the line of decisions relied upon by the claimant, the district court was influenced by a discussion of present section 633.418 in D. McCarty, *Iowa Probate* § 1356 (1965). There, the author observes that

> [i]n construing the former statute it was said that while it required a claim to be sworn to, and contemplated that such verification be made before it is filed, it has been held that such requirement is directory only.... The new requirements are so specific as to the affidavit and it is made such an integral part of the claim and as a condition of its allowance, that the claim certainly could not be allowed without such an affidavit attached.

█ The words "no claim shall be allowed ... unless" were not included in the earlier statute. While this language certainly presents a stronger argument for concluding that the affidavit is mandatory than the language of the former statute, we do not believe it compels the interpretation utilized by the district court. We con-

clude that the provisions requiring an affidavit are mandatory only where the personal representative seeks to allow the claim solely on the strength of the papers filed with the clerk. Where, as in the present case, the claim has been denied and a request for hearing has been filed as provided in section 633.443, the claimant has been placed upon his proof in the trial of the claim as an ordinary action. *See* Iowa Code § 633.444 (1985). Once this occurs, the presence of an affidavit is no longer significant.

We conclude the district court erred in failing to hear Howard Entler's claim on the merits under Iowa Code section 633.444. It further erred in overruling his objection to the executor's final report. Because of the disposition which we make on the appeal from the dismissal of the first claim, we need not consider the claimant's assignments of error concerning the second claim.

The orders of the district court dismissing the first claim and overruling claimant's objections to the final report are reversed. The matter is remanded to that court for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.