NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1106

25 GREYCLIFF LLC

vs.

MARYANNE WEST.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In this postforeclosure summary process action, a judge of the Housing Court issued a judgment of possession in favor of the plaintiff, 25 Greycliff LLC (Greycliff).  On appeal, the defendant, Maryanne West, makes several arguments, but we address only those with cited legal and factual support.  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).[1]  Specifically, we address whether the Housing Court judge erred in (1) striking West's jury trial demand; (2) relying on the Superior Court judgment to preclude West's

---

[1] While "some leniency is appropriate in determining whether pro se litigants have complied with rules of procedure, the rules nevertheless bind pro se litigants as all other litigants."  Brown v. Chicopee Fire Fighters Ass'n, Local 1710, IAFF, 408 Mass. 1003, 1004 n.4 (1990).

challenges to the foreclosure deed; and (3) requiring West to submit typewritten pleadings if over two pages in length. We affirm.

Background. We summarize only those facts that are relevant to our discussion of the issues raised on appeal. In March 2018, Greycliff purchased the two-unit property at issue at a foreclosure auction held on behalf of Wells Fargo Bank N.A. (Wells Fargo). West was the previous owner of the property and occupied one of the units at the time of the auction.

On October 11, 2018, Wells Fargo filed an action against West in the Superior Court to remove a cloud on the title that resulted from West recording a "[n]otice of [r]escission" at the registry of deeds on the underlying loan that the mortgage from Wells Fargo secured. The Superior Court judge ruled in favor of Wells Fargo to quiet the title, and in December 2021, following West's appeal, a panel of this court affirmed the judgment in an unpublished memorandum and order pursuant to our Rule 23.0. See Wells Fargo Bank, N.A. v. West, 100 Mass. App. Ct. 1116 (2021), rev. denied, 489 Mass. 1108 (2022).

On February 13, 2020, Greycliff commenced a summary process action in the Housing Court against West. West answered and requested a jury trial, which was postponed due to the COVID-19 pandemic. Meanwhile, on February 3, 2021, one year after the action started and nearly three years after the foreclosure, the

2

Housing Court judge ordered West to pay a monthly use and occupancy payment of $2,200 for this three bedroom unit.[2] The order warned that "[i]f the defendant fails to make any timely payment of use and occupancy pending the jury trial, the plaintiff may seek any available remedies including striking the jury demand."

West failed to comply with the judge's order to pay use and occupancy, and on February 18, 2021, Greycliff moved to strike West's jury demand. After a hearing, on March 17, 2021, the judge ordered West to pay missing use and occupancy payments for February and March, stating "[t]he Court will not strike the defendant's demand for a jury trial unless the defendant fails to make payment to the plaintiff . . . by April 1, 2021. . . . Failure to make ANY payment shall result in the striking of the defendant's jury demand."

Approximately one year later, on February 7, 2022, Greycliff filed a motion for use and occupancy payments to be increased to $3,500, a fifty-nine percent increase, based on

_____

[2] This amount was less than Greycliff sought. Greycliff presented evidence from a real estate broker that comparable units rented for $2,300 to $3,100 per month. West testified that the first-floor unit was similar, and she had charged $1,600 per month for rent "a number of years" earlier. In setting the amount, the judge took into consideration the water bill that West claimed to have paid and apparently was continuing to pay.

changes to fair market value. West did not contest the valuation other than seeking adjustments for her payment of the water bill and an issue with one toilet. In an order dated April 25, 2022, and docketed on April 28, 2022 (April 28, 2022 order), the judge ordered West to make a monthly use and occupancy payment starting on May 1, 2022, of $3,500.[3] In addition, the judge ordered that Greycliff was responsible for the water bill going forward. The judge denied West's motion to stay the increased use and occupancy payments, filed on April 29, 2022. On May 3, 2022, West sought review of the order increasing the monthly use and occupancy by a single justice of this court. On June 6, 2022, the single justice determined that West had not shown that the Housing Court judge's April 28, 2022 order to increase use and occupancy was an abuse of discretion or a clear error of law.

On June 8, 2022, West filed in the Housing Court a "request for more time" because the "balance now due poses a challenge that I work to meet but need some time to put together." West continued to pay $2,200 in use and occupancy in May, June, and July. After a hearing, on July 14, 2022, the judge issued an order clarifying that West owed $3,900 in missed use and occupancy payments for the months of May, June, and July, and

_____

[3] The judge set a payment reduction that applied until the toilet was repaired.

4

would owe the full $3,500 on August 1. The judge found that West stated in court that she would be able to raise the requisite funds in two weeks. The judge put off until August 2, 2022, Greycliff's "oral motion for appropriate sanctions for [d]efendant's failure to pay use & occupancy timely and in full."

West failed to pay the use and occupancy owed on August 1. On August 2, West paid $2,000 in court for use and occupancy, leaving a balance of $5,400. That same day, the judge allowed Greycliff's motion to strike West's jury demand. The judge's order allowed West to move for reconsideration if she "pays the remaining $5400 in good funds by August 9, 2022." West did not pay the remaining $5,400 by August 9. Instead, she filed a motion for reconsideration on August 11, 2022, and made a payment of $3,400. West withheld $2,000, claiming it was an offset for water bills she allegedly paid. On September 8, 2022, the judge denied West's motion for reconsideration. In a separate order issued the same day, the judge allowed Greycliff's motion to preclude West from introducing arguments related to the foreclosure sale. The judge issued a third order precluding West from raising affirmative defenses, counterclaims, or evidence beyond her own testimony based on her failure to comply with the pretrial order requiring a statement of agreed-upon material facts, witness lists, and exhibits.

5

A bench trial commenced on September 12, 2022, and the judge granted Greycliff's motion for a directed finding pursuant to Mass. R. Civ. P. 52, as amended, 423 Mass. 1408 (1996). A final judgment was entered in favor of Greycliff on September 21, 2022. West timely appealed.

Discussion. "Housing Court judges retain broad discretion in determining how to proceed with summary process hearings involving self-represented litigants." CMJ Mgt. Co. v. Wilkerson, 91 Mass. App. Ct. 276, 282 (2017). Mindful that "we are loath to interfere with orders arising out of the management of a case by the trial judge," Maywood Bldrs. Supply Co. v. Kaplan, 22 Mass. App. Ct. 944, 945 (1986), we review the judge's decisions for an abuse of discretion. See Mattoon v. Pittsfield, 56 Mass. App. Ct. 124, 131-132 (2002).

1. Jury demand. West argues that she was improperly denied her right to a jury trial, see art. 15 of the Massachusetts Declaration of Rights, when the judge struck her jury demand as a sanction for failing to pay the increased use and occupancy as ordered.

"It is without question that judges have the inherent authority to do what is necessary to 'achieve the orderly and expeditious disposition of cases.' However, that authority is not without limit . . ." (citation omitted). Wilkerson, 91 Mass. App. Ct. at 285. "Striking a jury demand, where a party

6

has a right to a jury and has claimed that right, must be approached with caution," and "[a] judge's decision to impose sanctions . . . must be examined under the principles of due process."[4]  Id. at 284.

In this case, after careful evaluation of the record, we conclude that the judge did not abuse his discretion by striking West's jury demand and denying her motion to reconsider.  As an initial matter, West had the opportunity to challenge the increased amount of the use and occupancy through a petition to the single justice, who denied her request for relief.  Her argument that she only had five days' notice to pay the increased use and occupancy also fails.  Putting aside the year that she did not pay use and occupancy during this matter, West had notice of the increase and repeated opportunities to avoid the sanction.  She had two months' notice that Greycliff was seeking the increased use and occupancy before the judge ordered it.  West did not pay the full amount of use and occupancy in May, June, or July, and was not immediately sanctioned.  The judge's July 14, 2022 order gave West a further opportunity to

---

[4] Relevant factors include "the degree of culpability of the . . . party [to be sanctioned]; the degree of actual prejudice to the other party; whether less drastic sanctions could be imposed; . . . and the deterrent effect of the sanction." Wilkerson, 91 Mass. App. Ct. at 285-285, quoting Keene v. Brigham & Women's Hosp., Inc., 56 Mass. App. Ct. 10, 21 (2002), S.C., 439 Mass. 223 (2003).

avoid sanctions after West represented during a hearing that she would be able to pay in full by August 1, 2022.  It was after West failed to make any payment on August 1 and made only a partial payment on August 2 that her jury demand was struck. West received yet another chance to avoid sanctions when the judge stated that if she paid the use and occupancy arrears, he would reconsider the order.  However, once again, West did not make the payments.

In sum, West was given numerous opportunities over many months to make the use and occupancy payments.  Preserving her right to a jury trial while allowing her not to make use and occupancy payments at fair market value would have caused unfair prejudice to Greycliff.

2.  Claim preclusion.  "Claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and prevents relitigation of all matters that were or could have been adjudicated in the action."  Kobrin v. Board of Registration in Med., 444 Mass. 837, 843 (2005).  Claim preclusion "requires three elements:  (1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits."  LaRace v. Wells Fargo Bank, N.A., 99 Mass. App. Ct. 316, 324 (2021), quoting Santos v. U.S. Bank Nat'l Ass'n, 89 Mass. App. Ct. 687, 692 (2016).  "[A] judgment

8

in an action that determines interests in real . . . property . . . has preclusive effect upon a person who succeeds to the interest of a party to the same extent as upon the party himself."  McCarthy v. Oak Bluffs, 419 Mass. 227, 233 (1994), quoting Restatement (Second) of Judgments § 43(1)(b) (1982).

West argues that she was unjustly prohibited by the Housing Court judge from raising arguments related to the foreclosure deed.[5]  However, these claims were properly precluded by the judge.  Greycliff is the successor in interest to the property from Wells Fargo, West had the opportunity to address these claims in her original suit with Wells Fargo, and there was a final judgment on the merits.  See Bui v. Ma, 62 Mass. App. Ct. 553, 561-562 (2004) (claims precluded where there was final judgment on merits, claims asserted could have been brought in previous action, and purchaser of disputed property was successor in interest).  West does not make any cogent appellate argument to the contrary.

_____

[5] West's additional argument that she never received the decision from which her claims are being precluded bears no weight given that both the Superior Court decision and the decision on appeal are publicly accessible.  See BJ's Wholesale Club v. City Council of Fitchburg, 52 Mass. App. Ct. 585, 588 (2001) ("we do not find excusable neglect in the simple case of reliance by the parties on the clerk's duty to send notice of orders where they had neglected their obligation to check the docket entries periodically" [quotation and citation omitted]).

Regardless, West did not comply with the pretrial disclosure schedule.  The judge properly limited West's evidence to oral testimony where she did not present a witness or document list.  See Roxse Homes Ltd. Partnership v. Roxse Homes, Inc., 399 Mass. 401, 404 (1987) ("Roxse Homes's failure to respond adequately, first to the partnership's request for discovery and subsequently to court orders, justified imposition of the ultimate sanction of judgment against it"); Eagle Fund, Ltd. v. Sarkans, 63 Mass. App. Ct. 79, 85-86 (2005) ("Sarkans' failure to provide handwriting exemplars violated a court order; set against a background of persistent foot dragging, the violation justified imposition of a default judgment").  She makes no argument that this was an abuse of discretion.

3.  Typewritten pleading requirement.  On March 17, 2021, a different Housing Court judge ordered that all future motions or pleadings submitted by West that exceeded two pages must be typewritten.  On appeal, West argues that she was only able to submit handwritten, as opposed to typewritten, pleadings because of limitations related to her ability to access a computer, poor vision, and health issues.  However, there is no evidence that West filed a proper request with the Housing Court seeking accommodations, despite the judge telling West that she needed to speak to the Housing Court's "ADA Coordinator" about filing substantiation for her disability claim.  Additionally, over the

10

course of litigation West demonstrated that she was capable of accessing and using a computer or otherwise typing documents. Therefore, it was within the judge's sound discretion to order that West submit typewritten pleadings.  See Mattoon, 56 Mass.

11

App. Ct. at 131-132.  In any event, West has failed to show how this requirement prejudiced her in any way.[6]

Judgment affirmed.

By the Court (Henry, Shin &
  Brennan, JJ.[7]),

Clerk

Entered:  July 21, 2025.

---

[6] West also argues that transcripts do not reflect her recollection of what was said during the proceedings.  This issue had to be directly addressed in the Housing Court; because West failed to do so, her arguments are waived.  See Commonwealth v. James, 30 Mass. App. Ct. 490, 494 n.6 (1991) ("errors in the record must be corrected before argument, normally in the trial court under the procedure set forth in Mass. R.A.P. 8[e], as amended, 378 Mass. 934 [1979]").

[7] The panelists are listed in order of seniority.