Kim Scott BARNARD, Appellant,

v.

STATE. of Iowa et al., Appellee.

No. 60590.

Supreme Court of Iowa.

May 17, 1978.

Cahill, Johnston, Poula & Goetz, Iowa City, for appellant.

Richard C. Turner, Atty. Gen., and Fred M. Haskins, Asst. Atty. Gen., for appellee.

Considered by MOORE, C. J., and Le-GRAND, REES, HARRIS, and McCOR-MICK, JJ.

LeGRAND, Justice.

This is a personal injury action brought by Kim Scott Barnard under Ch. 25A, The Code, 1973, against the State of Iowa for personal injuries sustained while he was a prisoner in the men's reformatory. The trial court entered judgment for the state, and we affirm.

Plaintiff was assaulted by Allen Lee Hall, also a prisoner at the reformatory. Hall was a safekeeper inmate—a person kept in custody while awaiting court disposition of charges against him. The two men occupied adjoining cells for several days during what is referred to as an orientation period, the time before prisoners are assigned to permanent quarters along with the general prison population. Plaintiff requested, and received, a change of cell assignment. He testified he asked for the move because of sexual advances made by Hall. However, he did not make this known to the authorities nor did he give this as a reason for requesting different quarters. Several days after plaintiff had changed cells, Hall assaulted him, using a razor blade to inflict severe cuts which required hospitalization and surgery.

Actions under Ch. 25A are triable to the court without a jury. The court's findings of fact are binding if supported by substantial evidence. *DeYarman v. State,* 226 N.W.2d 26, 27 (Iowa 1975); rule 14(f)(1), Rules of Appellate Procedure.

The sole issue raised is the claim the trial court erred in "holding that plaintiff failed to sustain his burden of providing by a preponderance of the evidence that defendants were negligent as alleged in his petition."

Faced with the trial court's adverse holding, plaintiff must demonstrate the state's negligence as a matter of law if he is to prevail. We hold he has failed to do so.

Although we have not considered a claim under Ch. 25A based on a fellow prisoner's assault during confinement in a state institution, we have held the Iowa Tort Claims Act permits an action by a prisoner injured by the state's negligence. *McBroom v. State,* 226 N.W.2d 41, 44 (Iowa 1975). The same rule applies when the state negligently permits one in its custody to be injured by the violent assault of another prisoner. Of course, the state is not an insurer of the prisoner's safety, but it must exercise reasonable care to protect him from harm. *Parker v. State,* 282 So.2d 483, 486 (La.1973); *Harris v. State,* 61 N.J. 585, 297 A.2d 561, 564 (1972); *Spadaro v. State,* 28 A.D.2d 604, 279 N.Y.S.2d 988, 989 (1967); 60 Am.Jur.2d *Penal and Correctional Institutions,* § 23, pp. 828–30 (1972); Annot., 41 A.L.R.3d 1021, 1025, 1028–29 (1972). *See also Jones v. United States,* 534 F.2d 53, 54 (5th Cir. 1976), *cert. denied,* 429 U.S. 978, 97 S.Ct. 487, 50 L.Ed.2d 586 (1976).

These authorities without exception limit the right of recovery to circumstances showing negligence based on a failure to protect after some danger was, or should have been, apparent. Without attempting to exhaust the circumstances from which negligence might be found, we point to those which usually exist when liability has been imposed. They include threats, incidents of prior violence, other reasonable cause to fear physical harm brought to the attention of the authorities, failure to pro-

vide adequate supervision, and placing known hostile persons where they have access to each other.

None of these is present here. There were no incidents of hostility or tension which came to official attention. Hall had caused no previous trouble. Nothing happened to alert those in charge of any trouble between the two. There was ample evidence from which the trial court could find adequate supervision at the time of the attack, which occurred in the dining hall while either four or five guards and other supervisory personnel were present. Quick and effective measures were taken to terminate the assault once it started.

■ Among plaintiff's allegations of negligence is one asserting the state should not have furnished Hall with a razor blade, the instrument used in the assault. The record shows blades were regularly issued to prisoners, one at a time, under strict supervision. We cannot say this practice amounted to negligence as a matter of law. *See Spadaro v. State,* 279 N.Y.S.2d at 989.

■ Our review is not de novo. We are limited to deciding only if there is substantial evidentiary support for the result reached. This record fully supports the trial court's findings, and the judgment should stand.

AFFIRMED.