**THORP CREDIT, INC., Appellee,**

v.

**Dorothy M. GOTT and Melvin Gott, Appellants.**

No. 85–1132.

Supreme Court of Iowa.

May 21, 1986.

Jerrold Wanek and John E. Landess of Garten & Landess, Des Moines, for appellants.

David D. Dixon of Heslinga, Heslinga & Dixon, Oskaloosa, for appellee.

Considered by UHLENHOPP, P.J., and McGIVERIN, LARSON, SCHULTZ, and CARTER, JJ.

LARSON, Justice.

Defendants Dorothy M. Gott and her son, Melvin, borrowed money from Thorp Credit, Inc. and secured the loan with a mortgage on approximately sixty acres of farmland. The Gotts defaulted, and Thorp Credit began this foreclosure action.

A dispute arose in the pleadings, and in discovery, as to whether Dorothy Gott's home, located on the sixty acres, was to be included in the mortgage. The trial court entered a partial summary judgment, ordering foreclosure and sale of all of the land except the home tract. We granted the defendants' application for interlocutory appeal, Iowa R.App.P. 2, and stayed the district court proceedings. We now reverse and remand.

On appeal, the Gotts claim that summary judgment, even a partial one, was inappropriate. They claim there were disputed fact issues regarding their allegations of fraud. Specifically, they claim Thorp's officers defrauded them by including the home in the mortgage, despite their assurances that they would not do so, and by inserting an interest rate of twenty-three percent in the note, despite their assurance that the rate would be "eighteen or nineteen" percent. They also contend that details such as the legal description and the amount due were in dispute.

Iowa Rule of Civil Procedure 237(a) provides:

> A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the appearance day or after the filing of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in his favor upon all *or any part thereof.*

(Emphasis added.)

The legal principles surrounding summary judgment are well known. Summary judgment will not be granted unless it is shown that there is no genuine issue of material fact. *Matherly v. Hanson,* 359 N.W.2d 450, 453 (Iowa 1984). This procedure is functionally akin to a directed verdict, and every legitimate inference that reasonably can be deduced from the evidence should be afforded the nonmoving party; a fact issue is generated if reasonable minds can differ on how the issue should be resolved. *Knapp v. Simmons,* 345 N.W.2d 118, 121 (Iowa 1984). A court ruling on a summary judgment motion must examine the record in the light most favorable to the nonmoving party. *Sandbulte v. Farm Bureau Mutual Insurance Co.,* 343 N.W.2d 457, 464 (Iowa 1984).

In contrast to summary judgment disposing of an entire case, the partial summary judgment procedure is useful to resolve some of the issues when the entire case does not lend itself to summary disposition. Partial summary judgment is thus similar to a pretrial order "[s]tating and simplifying the factual and legal issues to be litigated" under Iowa Rule of Civil Procedure 136(b)(5). *See* Fed.R.Civ.P. 56(d) advisory committee note. (Compares partial sum-

mary judgment under federal rule 56(a) and pretrial orders under federal rule 16)

The summary judgment procedure here did not dispose of any legal issues; it only delayed their resolution until the trial of the remainder of the case. Moreover, by foreclosing on part of the land and ordering it sold, the court opened up the possibility of double sale proceedings in the event the balance of the mortgage is also foreclosed. From the standpoint of judicial economy, therefore, the partial summary judgment here would not be effective. In fact, it was almost certain to result in piecemeal litigation and increased costs in time and money.

In addition, there are disputed fact issues which do not lend themselves to disposition in this way. First, the Gotts argue that the description of the home tract was in doubt. In their counterclaim, they had asserted that it was all of the land within a 500-yard radius of the house. Dorothy Gott, however, testified in her deposition that it was to be "300 feet by 300 feet." Melvin Gott testified only that it was "300 by 300." The court used its own description: all land lying within a 300-yard radius of the home.

There is no way to determine the legal description for the home tract, because it had not been separately described in the proceedings. A survey would almost certainly be required, and even that would be difficult, because the court did not establish a point for the center of the 600-yard circle.

In addition, there is nothing in the record from which it may be determined how much of the indebtedness is to be attributed to the home tract and how much to the balance of the land. Thus, the parties would have no means of calculating how much would be required to redeem the property. In fact, the total amount of indebtedness is disputed by the Gotts, who claim the wrong interest rate was used in computing it.

There were also disputed fact issues on the matter of Thorp's alleged fraud. While the district court ruled that any disputed facts as to fraud were limited to the foreclosure on the home, we do not agree that the fraud issue may be so neatly encapsulated. It is possible that fraud might be shown to have so permeated the transaction that enforcement of any part of the mortgage would be questionable.

We conclude it was error for the court to enter partial summary judgment under these circumstances. We reverse and remand for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.