Jackie BAKER, Appellant,

v.

GRINNELL MUTUAL REINSURANCE CO., Appellee.

No. 90–1193.

Court of Appeals of Iowa.

Aug. 27, 1991.

**673**

David S. Wiggins of Marcucci, Wiggins & Anderson, P.C., West Des Moines, for appellant.

Michael F. Lacey, Jr. and Ronald M. Rankin of Patterson, Lorentzen, Duffield, Timmons, Irish, Becker & Ordway, Des Moines, for appellee.

Considered by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ.

HAYDEN, Judge.

Plaintiff, Jackie Baker, appeals the district court's order granting defendant's motion for summary judgment. The trial court determined defendant's liability policy issued for Baker's automobile provided no collision coverage for the vehicle she damaged which was owned by another. We affirm.

Baker owned a 1982 Mercury for which she purchased an automobile liability insurance policy from defendant, Grinnell Mutual Reinsurance Co. (Grinnell Mutual). The policy listed the Mercury as the only automobile covered on its declaration page. The only coverages purchased were liability for bodily injury and property damage, medical payments coverage, uninsured motorist coverage, and underinsured motorist coverage. There was no collision or comprehensive coverage included in the policy. Specifically excluded from liability coverage was "damage to property rented to or in the care, custody or control of any insured person, except a residence or private garage."

On October 29, 1988, Baker was driving a vehicle owned by Ron Perkins. She drove into a median and a warning sign causing $5,200 damage to Perkins' vehicle. Baker was at fault in causing this accident.

Baker filed a claim under her policy which Grinnell Mutual denied. Baker then filed suit requesting damages. Grinnell Mutual moved for summary judgment which the district court granted.

Baker appeals claiming defendant's agent represented the policy as covering "any damage caused to another person's property or automobile while [she] was driving." Accordingly, Baker claims she had a reasonable expectation of coverage. Under the doctrine of reasonable expectations, Baker asserts a genuine issue of material fact exists. Thus, summary judgment was improper.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact and the mov-

ing party is entitled to a judgment as a matter of law." Iowa R.Civ.P. 237(c); *Farm Bureau Mut. Ins. Co. v. Milne*, 424 N.W.2d 422, 423 (Iowa 1988). The burden of proving the nonexistence of a material fact is on the moving party, Grinnell Mutual, in this case. *Milne*, 424 N.W.2d at 423. Our court must review the evidence in the light most favorable to the resisting party. *Thorp Credit, Inc. v. Gott*, 387 N.W.2d 342, 343 (Iowa 1986). Every legitimate inference that reasonably can be deduced from the evidence should be afforded the resisting party. *Id.* A fact issue is generated if reasonable minds can differ on how the issue should be resolved, but if the conflict in the record consists only of the legal consequences flowing from undisputed facts, entry of summary judgment is proper. *Id.*

■ The doctrine of reasonable expectations was first recognized by the Iowa Supreme Court in *Rodman v. State Farm Mutual Automobile Insurance Co.*, 208 N.W.2d 903 (Iowa 1973). The rationale for the doctrine is that in a contract of adhesion, such as an insurance policy, form must not be exalted over substance. *Farm Bureau Mutual Insurance Co. v. Sandbulte*, 302 N.W.2d 104, 112 (Iowa 1981). The reasonable expectations of the insured may not be frustrated "even though a painstaking study of the policy provisions would have negated those expectations." *Rodman*, 208 N.W.2d at 906 (quoting Keeton, *Insurance Law–Basic Text*, § 6.3(a) at 351 (1971)). Reasonable expectations giving rise to application of the doctrine may be inferred from circumstances under which the policy was issued. *Sandbulte*, 302 N.W.2d at 112. Expectations have been found objectively reasonable if they were based on an ordinary layman's understanding of his coverage either from a reading of the policy or from insurance company conduct when the policy was issued. *Rodman*, 208 N.W.2d at 908. The reasonable expectations doctrine applies and consequently obligates the court to ignore a policy exclusion only if the exclusion: (1) is bizarre or oppressive; (2) eviscerates terms explicitly agreed to; or (3)

eliminates the dominate purpose of the transaction. *Sandbulte*, 302 N.W.2d at 112.

■ In the present case, Baker's policy clearly provides for an exclusion from liability coverage when damage occurs to property rented to or in the care, custody, or control of the insured. The district court determined the exclusion did not satisfy the three elements of the doctrine and, therefore, the doctrine of reasonable expectations was not applicable. We agree.

Turning to the first element, the trial court concluded the exclusion contained in the policy was not bizarre or oppressive. The trial court based its decision on the Iowa Supreme Court's recognition that "liability coverage ordinarily protects an insured against loss and injury to others resulting from use of a vehicle designated in the policy, for which the insured may be liable." *Farmers Butter & Dairy Cooperative v. Farm Bureau Mutual Insurance Co.*, 196 N.W.2d 533, 535 (Iowa 1972). On the other hand, "collision insurance ordinarily provides protection to an insured against loss or injury to a vehicle described in the policy as a result of contact with another object." *Id.*

Baker argues, however, even though the supreme court recognizes a distinction between liability and collision coverage, this does not mean an "ordinary layman" would have similar expectations regarding the extent of their insurance coverage. In effect, this argument asks the court to convert liability coverage into collision coverage which was not purchased. Accepting this argument allows the insurance contract to be merely a framework of coverage to be filled in as occurrences arise. *Sandbulte*, 302 N.W.2d at 112. Because the limitation provision is not bizarre or oppressive, we reject Baker's argument. The vehicle Baker was driving when the collision occurred was not listed in the declarations of the policy, and no collision coverage was purchased by Baker. Under an ordinary understanding of the policy, Baker cannot recover for damage done to another's vehicle while she was driving that vehicle.

Turning to the second element of the doctrine of reasonable expectations, Baker argues the care, custody, and control exclusion contained in the policy eviscerates a term of the contract agreed to by defendant's agent. The only evidence supporting this claim is Baker's sworn affidavit stating defendant's agent represented the policy would cover "any damage caused to another person's property or automobile while [she] was driving." Although this statement presents a closer question as to applicability of the doctrine of reasonable expectations than the other arguments presented, the trial court correctly concluded the evidence was insufficient as a matter of law for such representation to qualify as a term "explicitly agreed to" contrary to the actual contents of the policy.

The representation here is similar to a statement made in *Northwestern National Insurance Co. v. Kinney,* 444 N.W.2d 107 (Iowa App.1989). In *Kinney* the agent stated the policy covered "everything other than intentional acts." *Id.* at 110. Although exclusions not pertaining to intentional acts ultimately precluded coverage, the court found this general statement did not eviscerate terms the parties explicitly agreed to. *Id.*

Like the statement in *Kinney,* the representation of defendant's agent to Baker was general and consistent with the policy terms. Moreover, Baker explicitly rejected collision coverage and listed only her own vehicle in the policy declarations. Thus, Baker knew her own vehicle was not covered for acts of her own negligence. The trial court correctly noted it was not reasonable for Baker to expect greater coverage when operating a vehicle not insured under the policy than when operating her vehicle described in the policy absent a specific provision providing such coverage.

Finally, the trial court determined Baker failed to satisfy the third element of the reasonable expectations doctrine. Baker argued the policy exclusion eliminated the dominate purpose of the transaction. The facts establish Baker requested an automobile insurance policy to cover liability for bodily injury and property damage, medical payments coverage, uninsured motorist coverage, and underinsured motorist coverage. There is no evidence a purpose of the transaction was to provide collision coverage for any vehicle. Accordingly, we reject this argument.

We agree with the trial court the evidence was insufficient as a matter of law to invoke the doctrine of reasonable expectations and thus affirm the trial court's holding.

AFFIRMED.