Connie LEWIS, Appellant,

v.

AALFS MANUFACTURING, INC., Appellee.

No. 91–1664.

Court of Appeals of Iowa.

June 25, 1992.

Patricia K. Wengert of Smith & Smith, Sioux City, for appellant.

Maureen Heffernan of Berenstein, Vriezelaar, Moore, Moser & Tigges, Sioux City, and Mary Likes, Omaha, Neb., for appellee.

Heard by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

HAYDEN, Presiding Judge.

The plaintiff, Connie Lewis, began full-time employment with the defendant, Aalfs Manufacturing, Inc. (Aalfs), in 1971. At all material times a collective bargaining agreement was in force at Aalfs.

In April 1979 Lewis was granted a medical leave of absence due to a work-related injury to her left shoulder. Lewis returned to work in 1980. Lewis worked without incident until 1985, when she began complaining her left shoulder was causing her pain. Lewis was treated and evaluated for a second work injury. The company physician recommended Lewis should not perform repetitive work. In March 1986 Lewis was laid off until a nonrepetitive job opened. Aalfs never recalled Lewis, and in September 1987 the company terminated her seniority.

Lewis filed a complaint of discrimination with the Iowa Civil Rights Commission. The commission issued Lewis a release to commence an action in district court. Lewis filed the present action pursuant to Iowa Code Chapter 601A, alleging Aalfs discriminated against her due to a disability and failed to reasonably accommodate her disability. Aalfs filed a motion for summary judgment. The district court granted Aalfs' motion holding section 301 of the Labor Management Relations Act (LMRA) preempts Lewis's state law claim. Lewis appealed.

Lewis argues the district court erred in holding section 301 preempts her state civil rights claim because the state has an overriding interest in protecting its citizens from disability discrimination and

her claim is independent of the collective bargaining agreement. Lewis maintains the district court erred in granting Aalfs' motion for summary judgment.

■ Iowa Code section 601A.6 provides it is an unfair employment practice "to discharge any employee ... because of age, race, creed, color, sex, national origin, religion or disability of such ... employee, unless [the discharge is] based upon the nature of the occupation." To establish a claim for disability discrimination, the aggrieved employee must establish by a preponderance of the evidence:

> 1) that he belonged to a group protected by Iowa Code Chapter 601A (that he had a disability within the meaning of Iowa Code Sections 601A.6(1)(a) and 601A.2(4);
>
> 2) that he was qualified for the job from which he was discharged;
>
> 3) that, despite his qualifications he was terminated; and
>
> 4) that, after his termination, the employer hired a person not in the employee's protected class or retained persons with comparable or lesser qualifications who are not in a protected group.

*Henkel Corp. v. Iowa Civil Rights Comm'n*, 471 N.W.2d 806, 809 (Iowa 1991) (citing *Trobaugh v. Hy–Vee Stores, Inc.*, 392 N.W.2d 154, 156 (Iowa 1986)).

■ If the employee establishes the elements necessary for a prima facie case, the burden of going forward shifts to the employer to show a legitimate, nondiscriminatory reason for the discharge. *Henkel*, 471 N.W.2d at 809. If the . employer carries this burden, the "employee must then show that the employer's justification for action was pretextual and that a discriminatory reason more likely motivated the employer." *Id.* (citing *Wing v. Iowa Lutheran Hosp.*, 426 N.W.2d 175, 178 (Iowa App. 1988)). Lewis maintains none of the elements she is required to prove require reference to the collective bargaining agreement. Aalfs maintains an examination of the collective bargaining agreement is necessary in order for the company to show it had a nondiscriminatory reason for the discharge. Aalfs claims the two jobs Lewis asked for were filled by other employees with seniority rights and under the terms of the collective bargaining agreement the company was precluded from retaining Lewis for those positions.

We hold Lewis's claim is not preempted by section 301 of the LMRA. We reach this decision for two reasons.

"One of the exceptions to the preemption rule is that issues involving matters of vital state public policy are not pre-empted by the National Labor Relations Act." *Franklin Mfg. Co. v. Iowa Civil Rights Comm'n*, 270 N.W.2d 829, 833 (Iowa 1978). Our supreme court has previously determined we have "an overriding [state] interest under the Iowa Civil Rights Act in protecting [our] citizens against discrimination." *Id.* The Iowa Supreme Court has reached this conclusion with respect to discrimination based on sex and race. *See id.; Chauffeurs, Teamsters and Helpers v. Iowa Civil Rights Comm'n*, 394 N.W.2d 375 (Iowa 1986). We likewise conclude the state has an overriding interest in protecting its citizens against discrimination based on disability. Consequently, we hold the LMRA does not deprive the courts of this state to hear disability discrimination cases.

■ We also determine Lewis's claim is not preempted by section 301 of the LMRA because her claim does not depend on an interpretation of a collective bargaining agreement. Section 301 of the LMRA preempts state law claims where the resolution of the state law claim "substantially depends" on the interpretation of the collective bargaining agreement. *See, e.g., Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 220, 105 S.Ct. 1904, 1916, 85 L.Ed.2d 206, 221 (1985). If the state law claim is "inextricably intertwined with consideration of the terms of the labor contract," that claim is preempted. *Id.* at 213, 105 S.Ct. at 1912, 85 L.Ed.2d at 216. If the claim is not "inextricably intertwined" with a collective bargaining agreement, that claim is independent and is not preempted. *Lingle v. Norge Division, Magic Chef*, 486 U.S. 399, 407, 108 S.Ct. 1877, 1882, 100 L.Ed.2d 410, 419 (1988). A state law claim may involve analysis of the same set of

facts as a claim arising under the collective bargaining agreement without compelling preemption. *Id.* at 407–08, 108 S.Ct. at 1882–83, 100 L.Ed.2d at 419–20.

The claim before the Court in *Lingle* was a retaliatory discharge claim. The Court determined the employee's claim did not require the court to interpret any term of the collective bargaining agreement. *Id.* The Court reached the same determination with respect to the employer's defense. "To defend against a retaliatory discharge claim, an employer must show that it had a non-retaliatory reason for the discharge; this purely factual inquiry likewise does not turn on the meaning of any provision of a collective-bargaining agreement." *Id.*

With these principles in mind, we examine Lewis's state law claim. The elements Lewis must show to establish a prima facie case of discrimination do not require the court to interpret the terms of the collective bargaining agreement. The same can be said of Aalfs' defense. Aalfs proffered nondiscriminatory reason for not recalling Lewis was the two jobs Lewis indicated she was qualified to perform were filled by other employees. Again, resolution of this claim does not turn on the meaning of any provision of the collective bargaining agreement. Lewis's state law claim is independent of the collecting bargaining agreement and thus not preempted by section 301 of the LMRA.

■ Summary judgment is appropriate only if there exists no genuine issue of material fact. *Farm Bureau Mut. Ins. Co. v. Milne,* 424 N.W.2d 422, 423 (Iowa 1988). The moving party has the burden to show the nonexistence of a material fact. *Id.* The evidence must be viewed in the light most favorable to the nonmoving party. *Thorp Credit, Inc. v. Gott,* 387 N.W.2d 342, 343 (Iowa 1986). This procedure is functionally akin to a directed verdict, and every legitimate inference that reasonably can be deduced from the evidence should be afforded the nonmoving party. *Id.* A fact issue is generated if reasonable minds can differ on how the issue should be resolved. *Id.* If the conflict in the record consists only of legal consequences flowing from undisputed facts, entry of summary judgment is proper. *Milne,* 424 N.W.2d at 423.

■ Our review of the record reveals there is a genuine issue of material fact. It is disputed whether jobs were available during the time Lewis was laid off for which she was qualified. It is also disputed whether Aalfs made reasonable efforts to accommodate Lewis's disability and whether employees with less seniority were offered the positions. We therefore reverse the district court and reinstate this litigation for trial.

REVERSED AND REMANDED.