Lloyd L. HANSON and Valora J. Hanson, Administrators of the Estate of Dennis L. Hanson, Deceased, Appellants,

v.

Kathryn SCHAUMBERG and Harold E. McCulloch, Executors of the Will and Estate of Sherman Reichelt, Deceased, Appellees.

No. 91–1838.

Court of Appeals of Iowa.

July 30, 1992.

Steven J. Holwerda and Nathan B. Updegraff of Shelby, Updegraff, Smith & Holwerda, Newton, for appellants.

Richard G. Book of Jones, Hoffman & Huber, Des Moines, for appellees.

Heard by OXBERGER, C.J., and DONIELSON and SCHLEGEL, JJ.

SCHLEGEL, Judge.

The plaintiffs appeal the district court's decision denying plaintiffs' motion for leave to amend their petition and granting defendant's motion for summary judgment. The plaintiffs contend the district court erred in: (1) denying plaintiffs' motion for leave to amend their petition; (2) granting defendant's motion for summary judgment; and (3) concluding the plaintiffs' intentional tort claim was barred by the exclusive remedy doctrine of Iowa Code chapter 85 (Workers' Compensation).

In the summer of 1983 the plaintiffs' decedent, Dennis Hanson (Dennis), was employed by Sherman Reichelt to bale hay at Reichelt's farm. On June 24, 1983, Dennis exhibited symptoms of heat stroke while baling hay, and Reichelt directed Dennis to sit down and rest; Reichelt then left Dennis alone in the sun for approximately one hour. When Reichelt returned, he found Dennis unconscious. Dennis was hospital-

ized and subsequently died as a result of the heat stroke on July 18, 1983.

On June 11, 1984, the Hansons filed a workers' compensation claim with the industrial commissioner regarding Dennis's death. On May 24, 1985, the Hansons filed a common-law petition alleging Dennis's death was a result of injuries caused by Reichelt's negligence. On April 29, 1987, Reichelt filed a motion for summary judgment alleging Dennis was an employee of Reichelt at the time of his injuries and the district court lacked subject matter jurisdiction because Iowa Code chapter 85 constituted Dennis's exclusive remedy against Reichelt. The motion for summary judgment was sustained by the district court, and in an order filed June 8, 1987, the court entered judgment in favor of Reichelt and against the Hansons.

The Hansons appealed the district court's decision, and on June 29, 1988, the court of appeals reversed the decision and ordered the common-law action stayed until such time as the industrial commissioner reached a final decision and judicial review had been exhausted. The industrial commissioner denied benefits, and the district court affirmed. The court of appeals reversed and remanded the case to the agency on an issue not addressed by the agency. The supreme court granted further review and on February 21, 1990, vacated the decision of the court of appeals and remanded the case to the industrial commissioner. *See Hanson v. Reichelt*, 452 N.W.2d 164 (Iowa 1990). In a remand decision filed March 13, 1991, the industrial commissioner ordered the payment of temporary total disability benefits, medical benefits, and funeral expenses to the Hansons.

On October 4, 1991, Reichelt filed a renewed motion for summary judgment asserting chapter 85 constituted the Hansons' exclusive remedy against Reichelt and the district court lacked subject matter jurisdiction over the claim. The Hansons filed a resistance to the motion for summary judgment on October 21, 1991, and filed an application for leave to amend their petition. In the resistance the Hansons argued

the existence of genuine issues of fact regarding whether Reichelt knew or should have known that Dennis was suffering from heat stroke and concerning Reichelt's intent when he left Dennis alone in the hayfield.

In the amended petition the Hansons realleged the original allegations of the first petition and added: "knew or should have known that his conduct involved an unreasonable risk that bodily harm would result to Dennis L. Hanson" and "intentional and outrageous." Reichelt resisted the application for leave to amend the petition.

The district court concluded that no genuine issues of material fact existed concerning whether chapter 85 constituted the exclusive remedy of the Hansons for the claims alleged in the petition. The court further found the Hansons' application for leave to amend the petition was untimely because it attempted to assert a new legal theory six years after the original petition was filed and because it substantially changed the issues in this case. The district court denied the application for leave to amend the petition and sustained the motion for summary judgment. The Hansons appeal.

■ The Hansons contend their original petition sufficiently pleaded the claim of intentional misconduct even though the claim was not specifically stated in the petition. They argue their motion for leave to amend the petition was not required and they filed the motion only to clarify the legal issues in this case. Reichelt asserts the original petition was insufficient because it alleged only a negligence claim and did not plead the specific legal theory of intentional misconduct. Having reviewed the requirements of notice pleading under Iowa R.Civ.P. 69, we conclude the plaintiffs' petition adequately raised the intentional misconduct claim.

In *Adam v. Mt. Pleasant Bank & Trust Co.*, 355 N.W.2d 868 (Iowa 1984), the court stated:

With the advent of notice pleading under Iowa R.Civ.P. 69, as amended in 1976, our pleading requirements were drastically reduced. To raise or preserve a

claim, the petition need not plead ultimate facts, *Schmidt v. Wilkinson,* 340 N.W.2d 282, 283–84 (Iowa 1983), or identify a specific legal theory. *I.G.L. Racquet Club v. Midstates Builders, Inc.,* 323 N.W.2d 214, 217 (Iowa 1982). Although our opinions on the question have not been unanimous, it is now well established that a petition is sufficient if it apprises the opposing party of the incident from which the claim arose and the general nature of the action.

*Adam,* 355 N.W.2d at 870–71.

In *Soike v. Evan Matthews and Co.,* 302 N.W.2d 841 (Iowa 1981), the court held that a petition alleging a cement contractor had "staked" a house too low in relation to the street could be construed to allege both a claim under contract and a claim for negligence in performance of duties outside the contract. The court stated that even if the petition did not allege negligence outside the contract, it was sufficient to apprise the contractor of the facts out of which the claim arose and of the general nature of the action:

> Second, and more significantly, the petition was not required to identify a specific legal theory; it is sufficient if the prima facie elements of a claim are stated, and this statement is "fair notice" to the defendant. *Lamantia v. Sojka,* 298 N.W.2d 245, 247 (Iowa 1980). Under such "notice pleading," Iowa R.Civ.P. 69(a), it is sufficient if the petition apprises a defendant of the incident giving rise to the claim and of the general nature of the action. *Id.* ... To require the plaintiffs to go further and identify the specific legal theory underlying the claim would be inconsistent with the notice pleading concept in rule 69(a), requiring only "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Lamantia v. Sojka, id.;* 5 C. Wright & A. Miller, Federal Practice & Procedure § 1202, at 59–66 (1969).

*Soike,* 302 N.W.2d at 842.

Similarly, the court noted in *Christensen v. Shelby County,* 287 N.W.2d 560 (Iowa 1980):

> The rule does not require that specific theories be pled in the plaintiff's petition. This is made clear by the case law under the analogous federal rule, which we find persuasive in interpreting our rules, *Tip-Top Distributing Co. v. Insurance Plan Savings and Loan Association,* 197 N.W.2d 565, 568 (Iowa 1972). "Under Rule 8, a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. It is not necessary to set out the legal theory on which the claim is based." *Siegelman v. Cunard White Star,* 221 F.2d 189, 196 (2d Cir.1955). 2A Moore's Federal Practice § 8.14 (3d ed.1972). Only a general statement of the claim is required. As noted by the Eighth Circuit Court of Appeals in *Clausen & Sons, Inc. v. Theo Hamm Brewing Co.,* 395 F.2d 388, 390 (8th Cir.1968) (emphasis added): "The clear purpose of the rule is to give notice to the other party and *not to formulate issues* or fully summarize the facts involved."

*Christensen,* 287 N.W.2d at 563.

Since the original petition sufficiently pleaded intentional misconduct, the issue of whether the motion for leave to amend the petition was timely is moot. Accordingly, we proceed to the question of whether the trial court correctly granted defendant's motion for summary judgment.

█ Summary judgment is appropriate only if there exists no genuine issue of material fact. *Farm Bureau Mut. Ins. Co. v. Milne,* 424 N.W.2d 422, 423 (Iowa 1988). The moving party has the burden to show the nonexistence of a material fact. *Id.* The evidence must be viewed in the light most favorable to the nonmoving party. *Thorp Credit, Inc. v. Gott,* 387 N.W.2d 342, 343 (Iowa 1986). This procedure is functionally akin to a directed verdict, and every legitimate inference that reasonably can be deduced from the evidence should be afforded the nonmoving party. *Id.* A fact issue is generated if reasonable minds can differ on how the issue should be resolved. *Id.* If the conflict in the record consists only of legal consequences flowing from undisputed facts, entry of summary

judgment is proper. *Milne*, 424 N.W.2d at 423.

However, the nonmoving party may not simply rest on its pleadings and allegations once a motion for summary judgment is filed.

> When a motion for summary judgment is made and supported as provided in [Iowa R.Civ.P. 237], an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Iowa R.Civ.P. 237(e).

After viewing all the evidence in a light most favorable to the Hansons, we conclude no genuine issues of material fact exist as to whether Reichelt intentionally caused Dennis's injuries. Reasonable minds could not differ on the issue. Reichelt clearly did not intentionally cause Dennis's injuries. The facts are undisputed between the parties: (1) while bailing hay Dennis began exhibiting symptoms of heat stroke; (2) Reichelt noticed Dennis was having problems and told Dennis to "sit down and rest"; and (3) Reichelt returned to Dennis approximately one hour later to check on Dennis's condition.

In addition, no genuine issues of material fact exist concerning whether Dennis's heatstroke arose out of and in the course of his employment with Reichelt. Neither party contends otherwise. Iowa Code chapter 85, the Iowa Workers' Compensation Law, is the exclusive remedy of employees or their legal representatives against employers for injuries arising out of and in the course of employment. *See* Iowa Code section 85.20. "Section 85.20 provides that the exclusive remedy of an employee against an employer for work-related injuries is a proceeding for workers' compensation benefits before the Iowa Industrial Commissioner." *Suckow v. NEOWA FS, Inc.*, 445 N.W.2d 776, 780 (Iowa 1989). The trial court correctly sus-

tained Reichelt's motion for summary judgment.

AFFIRMED.