Suzanne **FISCHER,** Petitioner–Appellant,

v.

**IOWA CIVIL RIGHTS COMMISSION and Atlantic News Telegraph and American Publishing Company, Respondents–Appellees.**

No. 93–1150.

Court of Appeals of Iowa.

May 26, 1994.

Jacob J. Peters, of Peters Law Firm, P.C., Council Bluffs, for appellant.

Richard G. Howard, of Howard & Rutherford, Atlantic, for appellees Atlantic News Telegraph and American Publishing Co.

Bonnie J. Campbell, Atty. Gen., and Teresa Baustian, Asst. Atty. Gen., for appellee-commission.

Heard by SACKETT, P.J., and CADY and HUITINK, JJ.

SACKETT, Presiding Judge.

■ The issue in this appeal is whether the district court was correct in affirming the Iowa Civil Rights Commission's decision to dismiss a discrimination complaint filed by petitioner-appellant Suzanne Fischer. The Commissioner made a finding there was not probable cause to support the allegations of Fischer's petition charging her former employers, respondents-appellees Atlantic News Telegraph and American Publishing Company, with unfair or discriminatory practices in discharging Fischer from her employment as a photographer. We find the trial court correct and affirm.

Fischer was discharged on March 5, 1990, after the Atlantic News Telegraph was purchased by the American Publishing Company. Two weeks after Fischer's discharge, the newspaper hired another person to serve as both a reporter and photographer. Fischer, who is paralyzed from the waist down, claimed she was discharged because of her disability. She filed a complaint with the Iowa Civil Rights Commission. The Commission found no probable cause for the complaint. That finding was affirmed by the district court and this appeal followed. Fischer contends the district court should have remanded this case to the Civil Rights Commission to determine whether Fischer's employer made a reasonable effort to accommodate her as a disabled employee.

Our review of the district court's disposition is limited to the correction of errors at law. *Henkel Corp. v. Iowa Civil Rights Comm'n,* 471 N.W.2d 806, 809 (Iowa 1991). We examine the record before the Commission and look to the standards set forth in Iowa Code section 17A.19(8) to determine

whether we reach the same conclusion as did the district court. *See Sommers v. Iowa Civil Rights Comm'n,* 337 N.W.2d 470, 472 (Iowa 1983).

Iowa Code section 216.6 (1993) provides it is an unfair employment practice "to discharge any employee, ... [because] of ... disability of such ... employee, unless based upon the nature of the occupation." To establish a claim for disability discrimination, the employee must establish by a preponderance of evidence:

1. That he [or she] belonged to a group protected ...;

2. that he [or she] was qualified for the job from which he [or she] was discharged;

3. that, despite his [or her] qualifications, he [or she] was terminated; and

4. that, after his [or her] termination, the employer hired a person not in the employee's protected class or retained persons with comparable or lesser qualifications who are not in a protected group.

*See Henkel Corp.,* 471 N.W.2d at 809; *Lewis v. Aalfs Mfg., Inc.,* 489 N.W.2d 47, 49 (Iowa App.1992).

Fischer suffered a disability and was terminated from the job of photographer for which she was qualified. While the employer contends there remains a question of whether Fischer's employability is curtailed to the extent necessary to qualify her as a "disabled person" within the protection of the Iowa Civil Rights Act as addressed in *Probasco v. Iowa Civil Rights Comm'n,* 420 N.W.2d 432 (Iowa 1988), we assume, without deciding, Fischer is a handicapped person entitled to protection under the Act.

The reporter and photographer hired by the newspaper two weeks after Fischer's discharge was not disabled; however, the job filled was not one from which Fischer was terminated. Nor did Fischer establish by a preponderance of evidence she had comparable or greater qualifications than the reporter and photographer hired to replace her. The fact Fischer was able to perform the job of photographer provides no assurance she is able to work as a reporter and write news stories. There was no evidence Fischer had

the qualifications to perform the job of a newspaper reporter. Therefore, while Fischer has the qualifications to perform one component of the new position, one cannot determine from the preponderance of the evidence that Fischer was qualified to perform the second component, that of a reporter.

■ The employer and Commission argue Fischer's issue of reasonable accommodations was not preserved for review. They urge there must be a preponderance of the evidence to meet the four requirements of Iowa Code section 216.6 before we address accommodations and, in order to reach Fischer's complaint of accommodations of her disability, there must first be a determination Fischer's physical disability was the reason she was terminated.

■ The issue of accommodation is included in an assessment of an employee's qualifications to perform the job in a reasonably competent and satisfactory manner given reasonable accommodation by the employer. *See Henkel Corp.*, 471 N.W.2d at 810; *Cerro Gordo County Care Facility v. Iowa Civil Rights Comm'n*, 401 N.W.2d 192, 196–97 (Iowa 1987). An employer is not required to change the essential nature of a job in order to accommodate an employee; the employer is only obligated to reasonably accommodate the employee's impairment based on the essential requirements of the job. *Henkel Corp.*, 471 N.W.2d at 811. There is not a preponderance of the evidence establishing Fischer's employment was affected by her disability, consequently, the failure to accommodate her disability was not an issue.

The preponderance of the evidence established it was not economically wise for a newspaper the size of Atlantic News Telegraph employ a full-time photographer and that position was in fact eliminated. A different position was established that required skills Fischer had not utilized in her original job or that she did not possess. The Commission correctly concluded there was no probable cause to find Fischer's disability was a factor in her discharge. We affirm the Commission and the district court.

**AFFIRMED.**