**Herbert SPELLER, Appellant,**

v.

**STATE of Iowa, Appellee.**

**No. 93–1541.**

Court of Appeals of Iowa.

Jan. 23, 1995.

Herbert Speller, pro se.

Thomas J. Miller, Atty. Gen., and James F. Christenson, Asst. Atty. Gen., for appellee.

Considered by HAYDEN, P.J., and SACKETT and HUITINK, JJ.

HUITINK, Judge.

Herbert Speller appeals a district court order granting the State's motion for summary judgment. We affirm.

Speller, an inmate at the Iowa State Penitentiary, filed a tort claim against the State seeking damages for injuries sustained while he was sleeping in his cell. Speller claimed he was attacked by an unknown person who threw scalding water on him on the morning of December 3, 1988. Speller claimed the State was negligent in failing to protect him from the assault.

The State filed a motion for summary judgment arguing there had been no showing

that the State had actual or constructive knowledge that inmates might harm Speller.

Speller filed a resistance, arguing an Officer "Frank" had discussed the potential risk of attacks with inmates. The State showed no officer named "Frank" was assigned to Speller's cellblock in 1988. Following a hearing, the district court granted the State's motion.

Speller filed a motion to vacate summary judgment, claiming a genuine issue of material fact existed regarding the issue of notice of an attack by a fellow inmate. Speller also alleged a new fact that the officer "Frank" who allegedly had notice of the attack was an officer "Frank Vale" who worked in the penitentiary kitchen. However, prison records revealed no "Frank Vale" worked in the prison kitchens in 1988. The district court denied Speller's motion to vacate.

■ Our scope of reviews is for corrections of errors at law. Iowa R.App.P. 4. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Iowa R.Civ.P. 237(c); *see Farm Bureau Mut. Ins. Co. v. Milne*, 424 N.W.2d 422, 423 (Iowa 1988). The moving party has the burden to show the nonexistence of a material fact. *Milne*, 424 N.W.2d at 423. The evidence must be viewed in the light most favorable to the resisting party. *Thorp Credit, Inc. v. Gott*, 387 N.W.2d 342, 343 (Iowa 1986). The procedure is functionally akin to a directed verdict, and every legitimate inference that reasonably can be deduced from the evidence should be afforded the nonmoving party. *Id.* A fact issue is generated if reasonable minds can differ on how the issue should be resolved. *Id.* If the conflict in the record consists only of the legal consequences flowing from undisputed facts, entry of summary judgment is proper. *Milne*, 424 N.W.2d at 423.

■ The Iowa Tort Claims Act, now codified at Iowa Code chapter 669 (1993),

permits an action by a prisoner when the state negligently permits the prisoner in its custody to be injured by the violent assault of another prisoner. *Barnard v. State*, 265 N.W.2d 620, 621 (Iowa 1978) (citation omitted). The state is not an insurer of the prisoner's safety, but it must exercise reasonable care to protect him from harm. *Id.* (citations omitted). In order to recover for injuries sustained in an inmate attack, a plaintiff must prove: (1) the state institution knew or should have known that a specific inmate suffered a risk of harm and (2) the institution failed to use reasonable care to prevent the attack on the inmate. *See Mosby v. Mabry*, 697 F.2d 213, 215 (8th Cir.1982). Absent knowledge of hostility or history of prior trouble, prison officials are not liable for assault of one inmate on another. *Barnard*, 265 N.W.2d at 622.

■ The record shows Speller did not inform officials of any threats or attacks directed against him or other inmates prior to December 3. At the time of the incident five guards were assigned to Speller's cellblock. There is no evidence to suggest violence in Speller's cellblock was so frequent as to place prison officials on constructive notice of a need for additional protective measures. There is no evidence showing officials placed inmates hostile to Speller in his cellblock. Other similar attacks on other inmates occurred *after* the attack on Speller, therefore officials had no prior notice or knowledge of any potential threat to Speller. In addition, Speller refused to identify any of the parties involved following the attack.

Speller continues to contend there is a factual dispute involving a correctional officer "Frank." The State presented affidavits and prison records showing no officer "Frank" was assigned to Speller's cellblock or the penitentiary kitchen. On appeal Speller alleges new facts regarding the identity of officer "Frank" that were not considered by the district court.

The record shows no genuine issue of material fact existed regarding the identity of the correctional officer. Speller fails to present any proof, other than conclusory allegations, to support a finding of liability on the part of the State. Accordingly, we affirm the district court order granting the State's motion for summary judgment. Costs of this appeal are assessed to Speller.

**AFFIRMED.**