William Scott **VICK**, Appellant,

v.

**HEATILATOR, INC.,** Appellee.

No. 94–1219.

Court of Appeals of Iowa.

July 25, 1995.

Thomas J. Vilsack of Bell and Vilsack, Mount Pleasant, for appellant.

Patrick J. Madden and Linda A. Whittaker of Stanley, Lande & Hunter, Muscatine, for appellee.

Considered by DONIELSON, C.J., and HAYDEN and HUITINK, JJ.

HUITINK, Judge.

William Vick appeals the district court's decision to grant Heatilator's motion for summary judgment in Vick's wrongful termination action against Heatilator. We affirm.

Vick was formerly employed by Heatilator as a maintenance man. He was terminated following allegations that he falsified time records.

Falsification of time records is among a list of specific offenses for which Heatilator employees faced summary discharge. This listing of offenses along with other company policies was included in a series of two employee handbooks Vick received during his employment with Heatilator.

Vick sued Heatilator for breach of a unilateral contract of employment allegedly created by the employee handbook. The district court found, as a matter of law, no contract of employment was created by the handbooks and granted Heatilator's motion for summary judgment.

On appeal Vick contends Heatilator was not entitled to judgment as a matter of law and it was error for the court to conclude otherwise. Our review is for correction of errors of law. Iowa R.App.P. 4.

Summary judgment is appropriate if there is no material fact at issue and the moving party is entitled to judgment as a matter of law. Iowa R.Civ.P. 237(c); *see Farm Bureau Mut. Ins. Co. v. Milne*, 424 N.W.2d 422, 423 (Iowa 1988). The moving party has the burden to show the nonexistence of a material fact, *id.*, and the evidence must be viewed in the light most favorable to the resisting party. *Thorp Credit, Inc. v.*

*Gott,* 387 N.W.2d 342, 343 (Iowa 1986). A fact issue is generated if reasonable minds can differ on how the issue should be resolved, but if the conflict in the record consists only of the legal consequences of undisputed facts, entry of summary judgment is proper. *Milne,* 424 N.W.2d at 423.

As stated earlier, Vick claims Heatilator's member manual created a unilateral contract of employment. As a result Vick argues he could only be terminated for reasons stated in the handbook. Heatilator has denied any contract of employment and asserts Vick was an at-will employee subject to termination for any reason.

Heatilator's member manual contains the following language found on page eight:

> This member manual is provided for use as a reference and or a summary of our personnel policies, benefits, and work rules ....

> The manual, however, cannot anticipate every situation or answer every question about employment. *It is not a part of an employment contract* (emphasis added).

Pages forty-eight and forty-nine of the manual contain the list of offenses Vick argues are sufficiently specific enough to limit Heatilator's right to discharge employees to the offenses specified. This section includes the following language:

> Although it is impossible to provide a complete list, these are certain offenses that will result in a member being discharged without written warning *but not limited to the following:* (emphasis added).

■ The general rule in Iowa is that, in the absence of well-defined exceptions, at-will employees are subject to termination at any time. *See Fogel v. Trustees of Iowa College,* 446 N.W.2d 451, 455 (Iowa 1989); *Wolfe v. Graether,* 389 N.W.2d 643, 652 (Iowa 1986). A contract created by an employer's handbook or policy manual guaranteeing an employee that discharge will occur only for cause or under certain conditions is among the exceptions to this rule. *Fogel,* 446 N.W.2d at 455; *McBride v. City of Sioux City,* 444 N.W.2d 85, 90 (Iowa 1989); *Cannon v. National By–Products, Inc.,* 422 N.W.2d 638, 640 (Iowa 1988).

■ An employee handbook may create a unilateral contract if (1) the handbook is sufficiently definite in its terms to create an offer; (2) the handbook has been communicated to and accepted by the employee so as to create an acceptance; (3) the employee has continued working so as to provide consideration. *French v. Foods, Inc.,* 495 N.W.2d 768, 770 (Iowa 1993) (citing *Fogel,* 446 N.W.2d at 456, and *McBride,* 444 N.W.2d at 91). Unless there is an ambiguity, the court determines as a matter of law whether an employee handbook creates a unilateral contract. *Id.* An ambiguity exists when language is susceptible to more than one interpretation. *Iowa Fuel & Minerals, Inc. v. Iowa State Bd. of Regents,* 471 N.W.2d 859, 863 (Iowa 1991). The test for ambiguity is an objective one. *Id.*

■ Our review of the relevant handbook language reveals an express disclaimer of any contract of continuing employment. Page eight clearly and unambiguously states that the handbook is not a part of any employment contract. Contrary to Vick's assertions, we find the handbook is more specific in avoiding a contract than in its creation.

We also disagree with Vick's claim that the section of the handbook specifying grounds for summary discharge provide a guarantee that discharge will occur only under those conditions specified. This interpretation conflicts with the prefatory language of the referenced section. That language clearly states the list is one of example and not limitation.

The language used in these sections is clear and unambiguous. The intervention of a factfinder is therefore not required. The district court correctly found no contract was created as a matter of law. The decision of the district court is affirmed.

**AFFIRMED.**