Robert SLAYMAKER, Bruce Slaymaker,
and Steve Huggins, Appellants,

v.

ARCHER–DANIELS–MIDLAND
COMPANY and Abell–Howe
Company, Appellees.

No. 94–1412.

Court of Appeals of Iowa.

Sept. 22, 1995.

David P. McManus of Glasson, Grove, Sole & McManus, P.C., Cedar Rapids, for appellants.

David A. Elderkin and Patrick Roby of Elderkin & Pirnie, PLC, Cedar Rapids, for appellee Archer–Daniels–Midland Co.

Larry Blades and Charles Blades of Blades Carmichael Rosser & Benz, Cedar Rapids, for appellee Abell–Howe Co.

Before DONIELSON, C.J., and CADY and HUITINK, JJ.

HUITINK, Judge.

Robert and Bruce Slaymaker and Steven Huggins appeal the district court's order granting summary judgment in favor of de-fendants Archer–Daniels–Midland Company and Abell–Howe Company. We affirm.

In 1993 Robert and Bruce Slaymaker brought suit against their employer, Abell–Howe Company (Abell–Howe) and the owner of a building that was being demolished by Abell–Howe, Archer–Daniels–Midland Company (ADM). Plaintiffs alleged that while performing demolition work in 1991 they were exposed to asbestos at the demolition site through inhalation, skin contact, and other exposure. In December of 1993, Steven Huggins joined the suit against ADM alone, alleging asbestos exposure while working as a carpenter at the site in 1993. As a result of their alleged exposure, plaintiffs sought personal injury damages under theories of negligence and intentional infliction of emotional distress.

The Slaymakers were both examined at the University of Iowa Hospital in Iowa City in 1992 to determine what, if any, damage had been caused by the asbestos exposure. The results of their examinations showed that neither Robert nor Bruce had suffered any significant damage to their lungs due to asbestos exposure. Based on these examinations it was impossible to determine whether Bruce or Robert would suffer any adverse health consequences from their claimed exposure to asbestos. Huggins never underwent any kind of examination in regard to his claimed exposure.

In May of 1994 Abell–Howe filed a motion for summary judgment asserting the Slaymakers' claims were barred by the exclusivity provision of Iowa workers' compensation law, Iowa Code section 85.20 (1993). This provision limits recovery for work-related injury to workers' compensation benefits. ADM also sought summary judgment on the grounds that plaintiffs could not prove any physical harm resulting from the asbestos exposure and that any mental distress suffered by plaintiffs was, at best, minimal.

The district court granted both motions. On the negligence claim against ADM, the court found that plaintiffs suffered neither physical injury nor severe emotional harm. The court further found that plaintiffs failed to show an increased statistical likelihood of

such injury developing in the future. Finally, the court determined that plaintiffs had failed to meet the outrageousness element necessary to recover for intentional infliction of emotional distress.

In granting Abell–Howe's motion, the court found that the Slaymakers' injury claims were cognizable under Iowa's workers' compensation law and were thus barred by section 85.20's exclusivity provision.

▄▄▄ On a motion for summary judgment our review is for correction of errors at law. Iowa R.App.P. 4. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Iowa R.Civ.P. 237(c); see *Farm Bureau Mut. Ins. Co. v. Milne,* 424 N.W.2d 422, 423 (Iowa 1988). The moving party has the burden to show the nonexistence of a material fact, *Milne,* 424 N.W.2d at 423, and the evidence must be viewed in the light most favorable to the resisting party. *Thorp Credit, Inc. v. Gott,* 387 N.W.2d 342, 343 (Iowa 1986). The procedure is functionally akin to a directed verdict, and every legitimate inference that reasonably can be deduced from the evidence should be afforded the resisting party. *Id.; Sherwood v. Nissen,* 179 N.W.2d 336, 339 (Iowa 1970). A fact issue is generated if reasonable minds can differ on how the issue should be resolved, but if the conflict in the record consists only of the legal consequences flowing from undisputed facts, entry of summary judgment is proper. *Milne,* 424 N.W.2d at 423; *Gott,* 387 N.W.2d at 343.

▄▄▄ We agree with the district court that plaintiffs have failed to show any compensable injury as a result of their asbestos exposure. Plaintiffs contend that although they have suffered no present physical injury they should be allowed to seek recovery based on their fear of developing cancer in the future. To recover for fear of future injury, plaintiffs must show (1) they are aware they possess an increased statistical likelihood of physical injury and (2) from that knowledge there exists a reasonable apprehension which manifests itself in mental dis-

tress. *Kosmacek v. Farm Service Co-op of Persia,* 485 N.W.2d 99, 105 (Iowa App.1992). The emotional distress must be so severe that a reasonable man or woman could not be expected to endure it. *Id.* at 104 (citing *Nesler v. Fisher and Co., Inc.,* 452 N.W.2d 191, 199–200 (Iowa 1990)).

Here, plaintiffs have not met their burden. First they have not shown any statistical likelihood of developing cancer or other disease in the future. Second, they have failed to establish that they have suffered severe emotional distress. Instead, plaintiffs have merely testified to vague fears of developing cancer in the future. Such fears do not create an issue of material fact sufficient to withstand summary judgment. Thus, we agree with the district court that plaintiffs have shown no injury as a matter of law.

▄▄▄ In addition to seeking recovery for negligence, plaintiffs claim that ADM's action constitutes intentional infliction of emotional distress. To prevail on this theory, plaintiffs must show (1) outrageous conduct by defendant; (2) the defendant's intentional causing or reckless disregard of the probability of causing emotional distress; (3) that plaintiffs are suffering severe emotional distress; and (4) actual or proximate cause of the emotional distress by defendant's conduct. *Vaughn v. Ag. Processing, Inc.,* 459 N.W.2d 627, 635–36 (Iowa 1990) (citing *Vinson v. Linn–Mar Community Sch. Dist.,* 360 N.W.2d 108, 118 (Iowa 1984)). For conduct to be considered outrageous it must be " 'so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.' " *Id.* (citing *Harsha v. State Sav. Bank,* 346 N.W.2d 791, 801 (Iowa 1984) (quoting Restatement (Second) of Torts § 46 cmt. d (1965)). We agree with the district court that as a matter of law plaintiffs have not met the outrageousness element on the facts alleged in this case.

▄▄▄ Finally, we look to plaintiffs' claims against Abell–Howe. Defendant Abell–Howe asserts that plaintiffs' claims against it are barred by Iowa Code section 85.20. This section provides that workers' compensation be the exclusive remedy for an

employee's work-related injury. Plaintiffs contend that section 85.20 does not apply to their claim because, having shown no physical injury, there are no workers' compensation benefits available to them. Injury under Iowa workers' compensation law, however, "is broader than mere reference to some objective physical break or wound to the body, but includes also the consequences therefrom, including mental ailments or nervous conditions." *Deaver v. Armstrong Rubber Co.*, 170 N.W.2d 455, 466 (Iowa 1969). Purely mental injury, then, is not outside the realm of Iowa workers' compensation. *Dunlavey v. Economy Fire and Cas. Co.*, 526 N.W.2d 845, 846 (Iowa 1995). We agree with the district court that plaintiffs' complaints about physical injury from asbestos exposure and resulting mental anguish are cognizable under the workers' compensation statute. The district court's order granting Abell–Howe's motion for summary judgment is affirmed.

For the foregoing reasons, the district court's decision is affirmed.

**AFFIRMED.**