**FARMERS STATE SAVINGS BANK, Appellee,**

v.

**J.B.H. ENTERPRISES and John Holtz, Appellants.**

No. 96–259.

Court of Appeals of Iowa.

Feb. 26, 1997.

Dale E. Goeke of Hagemann, Goeke, Egli & Thalacker, Waverly, for appellants.

Robert J. Murphy of Roberts & Murphy, Independence, for appellee.

Heard by HABHAB, C.J., and STREIT and VOGEL, JJ.

VOGEL, Judge.

This case involves the competing interests of a holder of tax sale deed with a holder of a certificate of purchase in a foreclosure action.

Defendants, J.B.H. Enterprises and John Holtz ("Holtz"), purchased real estate at a tax sale in June 1992. Plaintiff, Farmers State Savings Bank ("the Bank"), held a mortgage lien on the real estate. The following dates indicate the course each pursued leading up to the conflict.

On April 1, 1994, after a default by the mortgagor, the Bank filed a mortgage foreclosure action. On May 26, 1994, a default judgment was entered in favor of the Bank.

On either May 26 or 27 Holtz served on the Bank, via certified mail, a notice of expiration of right of redemption. On May 27, 1994, Holtz filed with the Bremer County treasurer an affidavit of tax sale certificate holder.

On July 27, 1994, the real estate was sold at a sheriff's sale, and the Bank received a certificate of purchase.

On August 30, 1994, Holtz received a tax sale deed to the real estate.

On December 23, 1994, the Bank filed a petition challenging the tax sale deed. In a

motion for summary judgment, the Bank alleged the notice of expiration of the right of redemption filed by Holtz was defective as it did not comply with Iowa Code section 447.9. It further alleged the affidavit of tax sale certificate holder filed on May 27 did not comport with Iowa Code section 447.12. The court sustained plaintiff's motion for summary judgment and voided the tax deed.

Defendants appeal.

*Scope of review.* Our review of this equity case is de novo. Iowa R.App. P. 4.

*Affidavit.* The Notice of Right of Redemptions gives the person served ninety days to redeem the property before a tax sale deed can be issued. Following service of the Notice, Iowa Code section 447.12 requires an affidavit be filed to show the service of the Notice of Rights of Redemption has been made. Iowa Code section 447.12 states:

> Service is made only after an Affidavit has been filed with the County Treasurer, showing the making of the service, the manner of the service, the time and place where made, under whose direction the service was made, and the costs incurred as provided by Section 447.13 ... The Affidavit shall be made by the holder of the certificate or by the holder's agent or attorney, and in either of the latter cases stating that the Affiant is the agent or attorney of the holder of the certificate.

*Id.*

Holtz presented a purported Affidavit of Tax Sale Certificate Holder to the district court, in defense of the Bank's motion for summary judgment. The affidavit was signed and dated by "J.B. Holtz" but was not notarized.[1] The notation on the bottom of the form reads: "Filed by Co. Treas. JM May 27, 1994." The district court determined without a jurat the affidavit was "merely an unverified statement and not an affidavit." The document was found to be fatally defective, which in turn failed to cut off the rights of redemption and voided the tax sale deed. Holtz contends 1) the absence of a jurat is not fatal, and 2) the court erred

in failing to determine whether the affidavit was sworn to before an officer authorized to take oaths, citing *In re Hoyt's Estate,* 246 Iowa 292, 67 N.W.2d 528 (1954), and *Miller v. Palo Alto Bd. of Supervisors,* 248 Iowa 1132, 84 N.W.2d 38 (1957). Holtz argues it was error for the court to grant summary judgment in favor of the Bank without proceeding to trial as the material fact of whether the country treasurer gave Holtz the oath before accepting the document was in issue.

*Summary Judgment.* Summary judgment is only appropriate where there exists no genuine issue of material fact. *Farm Bureau Mut. Ins. Co. v. Milne,* 424 N.W.2d 422, 423 (Iowa 1988). The moving party has the burden to show the nonexistence of a material fact. *Id.* The evidence must be viewed in the light most favorable to the nonmoving party. *Thorp Credit, Inc. v. Gott,* 387 N.W.2d 342, 343 (Iowa 1986). If the conflict in the record consists only of legal consequences flowing from undisputed facts, entry of summary judgment is proper. *Milne,* 424 N.W.2d at 423.

The Bank raised numerous issues in its motion for summary judgment and in a supporting statement. One line contained this statement: "It also should be noted that although this document calls itself an affidavit it is not notarized." Holtz's resistance contains this statement: "That document is the one that should be filed under section 447.12 and this was done by John Holtz on May 27, 1994, on a form prepared by, provided to Defendants by, and accepted as sufficient under the statute by the Bremer County Treasurer." Many other issues were raised by the Bank and resisted by Holtz, none of which the district court found had merit. The issue of whether the document qualified as an affidavit was the focal point of the court's ruling.

The language of our rule on summary judgments is very strong. Iowa Rule of Civil Procedure 237(e) (1997) provides:

> When a summary judgment is made and supported as provided [by this rule], an adverse party may not rest upon the mere

---

1. The form was provided to Holtz by the Bremer County Recorder. No jurat clause was included on the form.

allegations or denials of his pleading, but his response, *by affidavits* ... must set forth specific *facts* showing there is a genuine issue for trial.

*Id.* (Emphasis added.) On appeal, Holtz infers that the Deputy Treasurer or the Treasurer may have administered an oath to Holtz at the time his purported affidavit was accepted and filed by that office. That possibility would raise a fact issue of whether the document was signed under oath, even if it lacked a jurat. However, if that were the case, an affidavit containing those facts should have accompanied Holtz's resistance to the motion for summary judgment. Without a supporting affidavit, Holtz was relying on "mere allegations or denials of his pleading" which is not sufficient under our rules for a case to survive the summary judgment proceeding. *See* Iowa R. Civ. P. 237(e) (1997).

Only a legal issue then remained to be decided by the court. That issue was whether the document, on the facts presented, was legally sufficient to be determined by the district court to be an affidavit. Iowa Code section 622.85 defines an affidavit as:

a written declaration made under oath ... before any person authorized to administer oaths....

The case of *In re Hoyt's Estate*, 246 Iowa 292, 299, 67 N.W.2d 528, 532 (1954), provides this guidance: "It has been held by some courts that the signature of the affiant is not essential to a valid affidavit if he has in fact been sworn by an authorized officer; but we know of no authority which holds the administering officer may be entirely dispensed with."

Holtz argues because an officer, the Treasurer or Deputy Treasurer, authorized to administer oaths, received the document and filed it, it was thereby deemed to be legally sufficient to be an affidavit. We disagree. As stated in *Entler v. Entler*, 398 N.W.2d 848, 850 (Iowa 1987), "independent proof of the administration of the oath is ordinarily necessary in order to cure the absence of a jurat on an instrument." *Id.* Holtz failed to provide such proof that an oath had been administered. The court correctly ruled that the document on its face was not an affidavit.

We cannot minimize the strict requirements of Iowa Code section 447.12, requiring an affidavit. As the affidavit of service was insufficient, the requirements of section 447.12 were not satisfied, the rights of redemption were not cut off, and no valid tax deed could issue. *See Modern Heat and Power Co. v. Bishop Steamotor Corp.*, 239 Iowa 1267, 1276, 34 N.W.2d 581, 586 (1948).

With no issue of material fact sufficiently shown to be in dispute, and the legal issue raised on appeal correctly resolved in favor of the Bank, we affirm the trial court.

**AFFIRMED.**